### COUNTY COURT—ERIE COUNTY,

#### March 18, 1913.

## PEOPLE v. MICHAEL ZMUDZINSKI.

#### (80 Misc. 28.)

CHILDREN'S COURT—JURISDICTION.

Under chapter 651 of the laws of 1911, which makes the Children's Court of Buffalo a court of special sessions for the purpose of hearing charges against adults for violations of any of the sections of the Penal Law where the crime described amounts to a felony, and where such violation of necessity involves a child, and giving concurrent jurisdiction with the City Court of Buffalo of any charge against an adult of the grade of a misdemeanor which appears to have in any manner contributed to a misdemeanor committed by a child, or to in any manner involve a child, held, that the court's jurisdiction does not include those cases wherein a child is merely a witness, and not accused either as principal or accessory of a crime, except where the person harmed by the criminal act is himself a child. Held also that such court can try adults for crimes involving children only where the welfare of the child as to its health, safety, or morals is immediately or necessarily involved, and therefore, that it has no jurisdiction over an adult criminally charged with the violation of a city ordinance, in that he handled an automobile on a public thoroughfare in such a careless manner as to result in the infliction of personal injuries upon a child.

Appeal from Children's Court of Buffalo.

Michael Zmudzinski was convicted in the Children's Court of the City of Buffalo of the violation of an ordinance, and he appeals. Reversed.

Wesley C. Dudley, Dist. Atty., and Clifford McLaughlin, Asst. Dist. Atty., both of Buffalo, for the People.

John V. Maloney, of Buffalo, for defendant.

TAYLOR, J.   In the month of November, 1912, this appellant was tried in the Children's Court of the City of Buffalo on the criminal charge of having violated subdivision 7 of section 53 of chapter 4 of the ordinances of the city of Buffalo, was convicted, and fined $50.    This subdivision, in substance, provides for the imposition of a penalty of not over $50 in a civil action and for a fine of not more than $50 in a criminal action upon a person who operates a motor vehicle on any street in the city of Buffalo otherwise than in a careful and prudent manner.   The specific charge is that by handling an automobile in such a careless and imprudent manner the defendant inflicted personal injuries upon a child of the age of 12 years on one of the avenues of the city of Buffalo.   The defendant now appeals to this court, and one of the reasons assigned for a reversal is that the said Children's Court had no jurisdiction of the subject-matter.

The Children's Court was established by chapter 651 of the Laws of 1911.   Section 516 thereof reads as follows:

"The judge of this court shall possess all the jurisdiction and power which are conferred by law upon a magistrate, which are necessary in order to fully carry into effect the purposes of this act.   The Children's Court and the judge thereof shall hear and adjudicate all charges against children of the grade of misdemeanors, and all charges which under section twenty-one hundred and eighty-six of the Penal Law are permitted to be tried as misdemeanors, all charges against children for which they can be found guilty of juvenile delinquency, and all other cases in which the court or the judge thereof has power to commit children as provided by law.   This court shall be and shall have the jurisdiction of a court of special sessions for the hearing and trial of all criminal charges under section four hundred and ninety-four of the Penal Law, and the judge thereof shall have concurrent jurisdiction to hear charges against adults for the violation of any section of the Penal Law amounting to a felony, where such violation must necessarily involve a child.   This court shall have in the first instance concurrent jurisdiction with the City Court of Buffalo to hear and determine any charge against an adult of the grade of a misdemeanor when such charge appears to have in any way contributed to the misdemeanor of a child, or appears to in any way necessarily involve a child; and when-

ever any such charge is made against. an adult in the City Court of
Buffalo, the judge thereof, before whom the same may come, may trans-
fer the case to the Children's Court, and said Children's Court shall
hear and dispose of the case in the same manner and with the same
effect as if it had been originally brought therein."

It will be observed that pursuant to this statute the said
court is made a court of special sessions to hear charges against
adults for violating any section of the Penal Law (Consol. Laws
1909, c. 40) amounting to a felony, where such violation must
necessarily involve a child, and that furthermore it is given
concurrent jurisdiction with the City Court of Buffalo—

" to hear and determine any charge against an adult of the grade of a
misdemeanor when such charge appears to have in any way contributed
to the misdemeanor of a child, or appears to in any way necessarily
involve a child."

It will be observed that provision is also made for the transfer
of proper cases from the City Court to the Children's Court.
This statute further makes provision for the detention apart
from adults of children held either as witnesses or defendants,
and its general purport seems to be to segregate from adults
children " necessarily involved " in the commission of any
crime, as well as children who are witnesses only as to any
crime charged, while being detained as such.

The disposition of this appeal depends upon the interpreta-
tion of the words " necessarily involved." Some consideration
of this statute in its particulars and in its general bearing has
led me to believe that the cases cognizable by this Children's
Court of the City of Buffalo do not include those cases wherein
a child is merely a witness, and not accused as a principal or
accessory of having committed a crime, except in instances
where the person directly harmed by the criminal act or omis-
sion is necessarily a child. In other words, I believe it was the
purpose of the Legislature to permit this court to try adults

for crimes involving children only in cases where the welfare of the child, as to health, safety, or morals, is in some manner immediately and necessarily involved. Perhaps I can well illustrate what I mean by stating that in my judgment an adult charged with violating the Labor Law (Consol. Laws 1909, c. 31) as to employment of children could lawfully be tried in the Children's Court; whereas, an adult charged, as is this defendant, with having run upon a child with his automobile cannot be tried in the Children's Court. The offense could be committed against an adult as well as a child in the latter case; in the former, not.

This being my conclusion as to this question of jurisdiction, consideration of the other points raised is unnecessary, inasmuch as on this ground alone the judgment of conviction must be reversed.