[No. 8172.]

## COLIAS V. THE PEOPLE.

1. STATUTES—*Construction.* Every statute is to be construed as a whole. (232.)

A statute making an exception to the general rule should be so construed that the exception be not extended beyond the manifest purpose of the enactment, considered in its entirety. (235.)

2. JUVENILE COURTS—*Jurisdiction of Crimes.* The juvenile court has jurisdiction of criminal prosecutions only when the disposition, custody, or control of a minor, or the duty to or responsibility of the parent, guardian or the like is involved, under the acts concerning deliquent, dependent or neglected children, or the other enactments specified in sec. 2. (Rev. Stat. sec. 1590.) (232-234.)

*Error to Denver Juvenile Court.* Hon. BEN B. LINDSEY, Judge.

Mr. JOHN A. DEWEESE, and Mr. ISHAM R. HOWZE, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, Mr. FRANK C. WEST, Assistant Attorney General, for The People.

*Department.*

Opinion by TELLER, J.

Plaintiff in error was convicted in the Juvenile Court of the crime against nature, committed upon a minor, and sentenced to the penitentiary for not less than ten nor more than twenty years.

Timely objection was made to the jurisdiction, and it is here urged that the statute, chapter 149, Laws of 1907, creating the Juvenile Court, does not confer upon it jurisdiction to try this case.

The second section of that statute defines with considerable detail, the jurisdiction of the court, as follows:

"Such courts shall have original jurisdiction in all criminal cases or other actions or proceedings in which the disposition, custody or control of any child or minor, or any other person, may be involved under the Acts concerning delinquent, dependent or neglected children, or any other Acts, statute or law of this State now or hereafter existing concerning dependent, delinquent or neglected children, or which may in any manner concern or relate to the person, liberty, protection, correction, morality, control, adoption or disposition of any infant, child or minor, or the duties to, or responsibility for such infant, child or minor, of any parent, guardian, or any other person, corporation or institution whatsoever."

The part of section 19 upon which the State relies to support the jurisdiction of the Juvenile Court, reads as follows:

"This Act shall be liberally construed so that the jurisdiction of the court, as defined by section two (2) shall be concurrent with the District Court in any criminal case against a minor, and also any criminal case against an adult person for the violation of any criminal law of this State,

where the offense shall be against the person or involves the morals of a child or minor."

This language, the Attorney General asserts, is too clear to require construction; while it is contended on the part of the plaintiff in error that the act, as a whole, shows that it was not the intent of the legislature to confer jurisdiction in such cases as this.

Under an elementary rule of construction we must ascertain the intent of the law-makers by a consideration of the entire statute.

By section 2, jurisdiction is conferred upon the Juvenile Court in all criminal cases, or other actions or proceedings, in which the disposition, custody, or control of a minor, or any other person, is involved in either of two cases; first, when the subject specified is involved under Acts, existing or hereafter existing, concerning delinquent, dependent or neglected children; and, second, when such subject is involved under any other Acts, statute or law of this State, which concern or relate to the person, liberty, control, etc., of any minor or to the duties of any parent, guardian, or of any other person, corporation or institution toward a child.

Clearly it was not intended to give the court jurisdiction of all criminal cases, hence the qualifying words which apply to other actions or proceedings must apply also to the words "criminal cases." The court has, then, according to the language of this section, criminal jurisdiction only in cases arising under the condition stated: that is, in cases involving the disposition, custody or control of a minor, under acts concerning delinquent, dependent or neglected children, or under acts which relate either to the welfare of children, in the particulars specified, or to the duties of parents or others to or responsibility for such children. In other words, the jurisdiction of the court extends only to cases in which the *disposition, custody* or *control* of a minor or other person is involved under certain acts concerning minors, parents, etc. Criminal cases in the Juvenile Court

must, therefore, be such only as are incidental to cases arising under the acts named, unless a larger jurisdiction is conferred by some other part of the act.

This, the State insists, is done by the closing paragraph of section 19.

This provides for a liberal construction of the act so that the jurisdiction of the court, as defined by section 2, shall be concurrent with that of the District Court in any criminal case against a minor, and also against an adult for a criminal offense against a minor, or one in which the morals of a minor are involved.

It will be observed that the expressed purpose of the liberal construction prescribed is that the jurisdiction of the court, *as defined in section two,* shall be concurrent with the District Court in specified criminal cases. That is to say, in any criminal case arising incidentally in causes in which the Juvenile Court has judisdiction under said section two that court has concurrent judisdiction with the District Court. General jurisdiction in cases of criminal offenses against minors could hardly be given in a section which merely prescribes a liberal construction of a statute conferring jurisdiction in a specified class of cases.

The preceding portion of section 19 takes from County Courts jurisdiction in cases covered by the provisions of section two, repeating *verbatim* the language of that section which defined the jurisdiction of the Juvenile Court. This is followed by an affirmative provision that "all such jurisdiction, rights, power and authority in such cases or under such laws now exercised by such County Courts, or the judges thereof, shall be exercised by the Juvenile Court," preserving, however, to the County Court, or other courts, jurisdiction in the disposition and custody of children in divorce cases.

This repetition of the language of section two, defining the court's jurisdiction, in the same section in which is found the requirement for a liberal construction, is con-

clusive that no general jurisdiction of criminal cases was intended.

This conclusion finds support in other parts of the act, which emphasizes the purpose of the law as being to provide for the protection and care of neglected or delinquent children, as the very name of the court indicates.

Section 10 requires the county commissioners to make annual provision for a Detention House; and section 11 authorizes the court to hold its sessions in such house.

Section 18 authorizes the calling in of county judges in case of the absence, sickness or disability of the judge of the Juvenile Court, and if the Juvenile Court has the jurisdiction for which the state contends, judges of the County Courts may sit in the trial of all criminal cases, where the offense is committed against a minor.

In view of the fact that judges of the County Court are not required to be, and frequently are not members of the bar, or learned in the law, it is highly improbable that the legislature intended by this act to make it possible for county judges to sit in cases which they are, in many instances, wholly unqualified to try.

The law of 1903, section 1549, R. S. 1908, gave County Courts jurisdiction to try criminal cases where the accused was a minor.

That was clearly in accord with the general purpose of the act, but there is no reason apparent, and none is suggested why the Juvenile Court should try cases of crimes committed against minors. Criminal laws are for the protection of all the members of society, adults and minors alike, and, in the enforcement thereof it is entirely immaterial what is the age of the person against whom an offense has been committed.

The public is interested in having the criminal laws of the state enforced in the forum which is best equipped for the purpose, and to the District Court has been committed

that duty since the earliest legislation on the subject in our territorial days.

Any statute making an exception to this general rule should be carefully scrutinized, and so construed that the exceptions be not extended beyond the manifest intent of the law considered in its entirety.

In the case at bar there was involved neither the disposition, custody, nor control of a minor; nor did it arise under any of the acts named in the statute in question.

For these reasons we are of the opinion that the court erred in overruling the motion to quash the information for want of jurisdiction.

The judgment is, therefore, reversed, and the cause remanded, with directions to quash the information.

*Reversed and remanded.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE HILL concur.

Decided November 1, A. D. 1915. Rehearing denied December 6, A. D. 1915.