## COMMONWEALTH *v.* HENRY C. CALLAGHAN.

Suffolk.　January 19, 1916. — March 1, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Constitutional Law, Ex post facto law.　Illegitimacy.　Parent and Child.　Non-support.*

St. 1913, c. 563, § 7, making it a misdemeanor for the father of an illegitimate child to neglect or refuse to contribute reasonably to the support and maintenance of such child, whether such child shall have been begotten before or after the taking effect of that statute, is not an *ex post facto* law and does not violate art. 24 of the Declaration of Rights nor art. 1, § 9 of the Constitution of the United States.

It is not a defence to a complaint under St. 1913, c. 563, § 7, against the father of an illegitimate child for neglecting and refusing to contribute reasonably to the support of such child, that after the birth of the child the mother married another man who provides for the child's support.

Upon a complaint against the father of an illegitimate child for neglecting and refusing to contribute reasonably to the support of such child under St. 1913, c. 563, § 7, which incorporates by reference the provision as to practice contained in St. 1911, c. 456, § 7, that "proof . . . of the neglect or refusal . . . shall be *prima facie* evidence that such . . . neglect or refusal is wilful and without just cause," the jury can find that the defendant neglected or refused to contribute reasonably to the support of his child, although no demand to do so was made upon him during the three years preceding the time of the trial.

CARROLL, J.　This is a complaint under St. 1913, c. 563, § 7, alleging that the defendant on June 5, 1915, and during the month next preceding, did neglect and refuse to contribute reasonably, to the support and maintenance of an illegitimate child, of whom he was the father.

The statute, which took effect July 1, 1913, declares that the father of an illegitimate child, whether begotten before or after the taking effect of the statute, who neglects or refuses to contribute reasonably to the support and maintenance of such child, shall be guilty of a misdemeanor, and, upon conviction, "liable to all the penalties and all the orders for the support of the child provided in the case of a parent who is found guilty of unreasonably neglecting to provide for the support and maintenance of a minor child."　The defendant was found guilty in the Superior Court.

1. It is the contention of the defendant that the statute is *ex post facto*, conflicting with art. 24 of the Declaration of Rights of Massachusetts, and art. 1, § 9 of the Constitution of the United States. The statute does not attempt to punish the father for his past conduct; it does not attempt to punish him for begetting or neglecting to support the child before the statute took effect. The statute, from the time it became a law, requires the defendant, as the father of the child, to contribute to its support and maintenance, thus relieving the mother or others upon whom the burden may chance to fall.

If it is *ex post facto* legislation to compel the father to provide for the support of a child, not born in wedlock, because born before the statute was enacted, it might be argued that it is contrary to the Constitution to punish a husband under St. 1911, c. 456, for refusing to support his wife and children, because he was married and the children were born before the statute took effect; or to insist on a son of sufficient means supporting his parents under St. 1915, c. 163. We are of opinion that St. 1913, c. 563, is not *ex post facto* legislation.

2. Since the birth of the child, the mother has married and the child has been supported by her husband. About a "dozen times since they ceased to live together," she asked the defendant to contribute toward the support of the child, but he refused. She last saw him three years ago, "when she met him in front of his office, when she then asked him if he would not do something toward the support of the child, and he said he was married again and he had all he could do to take care of those he had and he did not intend to do anything." The fact that the husband of the mother has supported the child does not relieve the father of the duty imposed on him by the statute. See *Brookfield* v. *Warren,* 128 Mass. 287; *Purinton* v. *Jamrock,* 195 Mass. 187.

The jury could find on all the evidence, that the defendant neglected or refused to contribute reasonably to the maintenance and support of the child, although no demand was made on him during the three years preceding the time of the trial. It is provided in the statute that the practice under St. 1911, c. 456, shall apply to proceedings under the statute before us, and St. 1911, c. 456, § 7, enacts that "proof . . . of the neglect or refusal . . . shall be *prima facie* evidence that such . . .

neglect or refusal is wilful and without just cause." See *Commonwealth* v. *Rosenblatt*, 219 Mass. 197.

3. We see no error in the instructions of the judge.* Mrs. Huck, the mother, was the only witness; the defendant could not be convicted unless the jury believed her.

*Exceptions overruled.*

*B. J. Killion*, (*C. Toye* with him,) for the defendant.

*A. C. Webber*, Assistant District Attorney, for the Commonwealth, was not called upon.