No. 9176.

WAMSLEY v. THE PEOPLE.

1. PARENT AND CHILD—*Parent's Duty to Support.* Under chapter 179
of the Laws of 1911 the father of an illegitimate child under
sixteen years of age may be prosecuted for his failure to sup-
port it, without any prior adjudication of the paternity and
this whether the child were begotten before or after the enact-
ment of the statute.

No provision of the bastardy act (Rev. Stat. c. XII) has any
bearing upon such prosecution.

2. CONSTITUTIONAL LAW—*Title of Act.* The statute requiring the
father to support his illegitimate child is not invalidated by the
omission to mention illegitimate children in the title.

3. —— *Ex Post Facto Legislation.* A statute punishing the failure
to support an illegitimate child, held effective, where the child
was begotten before the enactment of the statute.

*Error to Juvenile Court, Hon. George W. Dunn, Judge.*

Mr. CARL H. COCHRAN, for plaintiff in error.

Hon. Mr. LESLIE E. HUBBARD, attorney general, and Mr.
CHARLES ROACH and Miss CLARA RUTH MOZZOR, assistants
attorneys general, for the people.

Opinion by Mr. Justice Allen.

THE plaintiff in error was prosecuted and convicted, in
the Juvenile Court of the City and County of Denver, under
the non-support statute (Session Laws, 1911, p. 527; sec-
tion 3450, Mills Ann. Sts. 1912).

The information was filed September 9, 1916, and alleges,
in substance that the defendant, from January 1, 1916, to
September 9, 1916 neglected, failed and refused to pro-
vide reasonable support and maintenance for his minor
illegitimate child, of the age of four years.

The defendant filed a motion to quash the information.
The motion was overruled, and error is assigned upon the
court's action in that respect. The first ground of the mo-
tion is based upon section 6 of the statute of 1879, known

as the Bastardy Act, providing that "no proceedings under this act shall be instituted after the child is twelve months old." The motion for its second and remaining ground alleges, in substance, that every child is presumed to be legitimate until the contrary is shown, and that under the Act of 1879 no proof to the contrary can be made after the child is twelve months of age.

No part of the Act of 1879, relating to bastardy, has any bearing or effect upon the instant case. Under our non-support statute of 1911, an alleged father of an illegitimate child, in any case where such child is under sixteen years of age, may be prosecuted for failure to support it, without having been adjudged, in some prior proceeding, to be such father. See *People v. Stanley*, (Calif.) 166 Pac. 596. There was no error in overruling the motion to quash.

The brief of the plaintiff in error contains the following paragraph:

"Law under which plaintiff in error was prosecuted, known as non-support law, went into effect August 26, 1911 five months *after* wrongful act of begetting child was committed."

We assume that it is intended, by the statement above quoted, to show that the non-support law is unconstitutional as *ex-post facto*, when it is sought to apply the law to the offence charged in the information; in other words, that the law is *ex post facto* in so far as it punishes the failure to support illegitimate children who were begotten before the law was enacted. If such is the theory of counsel for plaintiff in error, the same is erroneous. The same point was raised in *Com. v. Callaghan*, 223 Mass. 150, 111 N. E. 773, under a statute making it a misdemeanor for the father of an illegitimate child to neglect or refuse to contribute reasonably to the support and maintenance of such child, whether such child shall have been begotten before or after the taking effect of the statute. The opinion in that case is applicable to the facts in the instant case, and to our non-support statute. The court, in the case above cited, said:

"It is the contention of the defendant that the statute is *ex post facto.* * * * The statute does not attempt to punish him for begetting or neglecting to support the child before the statute took effect. The statute, from the time it became a law, requires the defendant, as the father of the child, to contribute to its support and maintenance, thus relieving the mother or others upon whom the burden may chance to fall.

"If it is *ex post facto* legislation to compel the father to provide for the support of a child, not born in wedlock, because born before the statute was enacted, it might be argued that it is contrary to the Constitution to punish a husband under St. 1911, c. 456, for refusing to support his wife and children, because he was married and the children were born before the statute took effect. * * * We are of the opinion that St. 1913, c. 563, is not *ex post facto* legislation."

See also 7 Corpus Juris, 957, sec. 38; 12 C. J. 1098, and note 5; *Libby v. State,* 43 Okl. 603, 142 Pac. 496; *Bradfield v. State,* 5 Boyce's Delaware Rep. 263, 92 Atl. 988.

The plaintiff in error also claims that the non-support law is unconstitutional as to illegitimate children because illegitimate children are not mentioned in the title of the act. This question was recently disposed of by this court, in favor of the constitutionality of the statute, in *Pearman v. People* (No. 8940), 170 Pac. 192.

The judgment is affirmed.

*Affirmed.*

Chief Justice Hill and Mr. Justice Bailey concur.