## No. 9410.

### *In re Songer.*

JUVENILE COURT—*Criminal Jurisdiction.* The Juvenile Court has no jurisdiction of the crime of rape even committed upon the person of an infant child.
(Laws of 1907 c. 149.)

*Error to Denver District Court, Hon. John I. Mullins, Judge.*

*En banc.*

Mr. D. J. DAVIES, for petitioner.

Hon. LESLIE E. HUBBARD, Attorney General; Mr. CHARLES ROACH, Mr. RALPH E. C. KERWIN, Assistant Attorneys General, for The People.

Opinion by Mr. Justice Teller.

In the matter of the application of Charles Songer for a writ of Habeas Corpus:

The petitioner, an adult, was tried in the Juvenile Court of the City and County of Denver, on a charge of rape, and was convicted and sentenced to the State Penitentiary. Having served nearly four years of his sentence, which was for not more than one hundred years, nor less than ninety years, he sued out a writ of habeas corpus in the District Court of said City and County.

The return to the writ set up the conviction and sentence in the Juvenile Court, to which the petitioner filed a demurrer on the ground (a) that the Juvenile Court was without jurisdiction, and (b) that the sentence is void as not authorized by law. The demurrer was overruled, and petitioner brings the case here on error.

Counsel for petitioner bases the attack on the jurisdiction of the Juvenile Court, on the case of *Colias v. People,* 60 Colo. 230, 153 Pac. 224, in which it was held that the statute which established the Juvenile Court and prescribed its jurisdiction (Chapter 149, Laws of 1907), did not give that court general jurisdiction to try criminal cases. The statute was held to give jurisdiction only in such criminal cases as came clearly within its spirit and letter, as affecting the interest of a child or a minor, under acts for their protection.

The State attempts to distinguish this case from the Colias case by referring to a statement in the return to the effect that the crime was committed on a minor daughter of the petitioner. We need not determine whether or not that statement was properly included in the return, because we do not think that, if the facts are as stated, they distinguish the cases. The statute limits the jurisdiction to criminal cases,

"in which the disposition, custody or control of any child or minor, or any other person, may be involved under the Acts concerning delinquent, dependent or neglected children, or any other Acts, statute or law of this State, now or hereafter eixsting, concerning dependent, delinquent or neglected children, or which may in any manner concern or relate to the person, liberty, protection, correction, morality, control, adoption or disposition of any infant, child, or minor, or the duties to, or responsibility for such infant, child or minor, or any parent, guardian or of any other person, corporation or institution whatsoever."

This language being plain and unambiguous, we held that criminal cases in the Juvenile Court are such only as are incidental to cases arising under the acts named. The crime of rape is a substantive offense under a statute which has no relation to the care or protection of minors. If all the acts mentioned in the statute quoted were repealed, rape would still.be a crime punishable as it is now. The offense is the same no matter who is the victim, or what relation she sustains to the offender. Its punishment is for the protection of all the members of society, adults as well as minors. It involves the enforcement of the criminal laws of the state, and the liberty of the accused.

The case not arising under any of the acts named, the Juvenile Court did not have jurisdiction of it.

This judgment of the District Court is reversed, and the petitioner ordered to be released.

*Judgment reversed.*

Mr. Justice Scott and Mr. Justice Allen dissent.