MATTHEW J. CUMMINGS, Director of Public Aid *vs.*
CLARENCE A. CHURCH.

SAME *vs.* SAME.

MARCH 8, 1929.

PRESENT: Sweetland, C. J., Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J.   After trial in the Superior Court the jury
found that respondent was the father of an illegitimate child
born of a woman residing in Providence.   The case is now
before this court on respondent's exceptions and certain
constitutional questions raised by him during the trial.

The complaint in this case is made under authority of
Chapter 843, Public Laws, 1926, which became effective
April 26, 1926.   This chapter is in amendment of Chapter
107 of the General Laws 1923, entitled "Of the Maintenance

of Bastard Children", which title has been amended to read: "Of children born out of wedlock."

Chapter 843, provides that complaint may be made against the father of an illegitimate child whenever any woman has been delivered of such a child and Chapter 107 provided that such a complaint might be made when an unmarried woman had been delivered of such a child. It appears in the record that the child mentioned in the complaint was born of a married woman October 21, 1924. This complaint was made October 18, 1927. After trial in the district court respondent was adjudged to be the father of the child and ordered to pay $8 each week for the support and education of the child from December 16, 1927, until the child arrived at the age of 16 years. Respondent appealed the case to the Superior Court. At the trial in the Superior Court it appeared that respondent paid the lying-in expenses of the mother of the child and contributed to its support until June 10, 1925. Respondent did not testify and no testimony was offered in his behalf. No motion for a new trial on the ground that the verdict was against the evidence was made by respondent.

The first exception urged by respondent is to the denial of his motion by a justice of the Superior Court to quash the complaint and warrant. This motion is based upon the ground that it appears by an inspection of the complaint, jurat and warrant that the complaint and warrant are each dated October 18, 1927, and the jurat states that complainant made oath to the truth of the complaint October 19, 1927. Respondent claims that as it appears that the warrant is dated before the complaint appears to have been sworn to, the issuance of the warrant was contrary to law and the warrant should have been quashed. Respondent takes nothing by this exception. The complaint, jurat and warrant are on a printed form commonly used in the district courts. The variance between the dates on the jurat and the warrant was a clerical error made by the official signing them. The variance could have been amended under

authority of § 6297, G. L. 1923. Respondent was not apprehended until 13 days after the warrant was issued and he then pleaded "not guilty." By this plea he waived the defect complained of. The variance did not affect the verdict nor result in a miscarriage of justice and by statute is not a cause for a new trial. G. L. 1923, Cap. 348, sec. 24; Cap. 407, sec. 14.

The second exception is to overruling a so-called plea to the jurisdiction filed in the Superior Court. This plea was based upon the facts that the child was born October 21, 1924, of a married woman and that the law then in force (Chap. 107) provided for a complaint only in behalf of an unmarried woman. The exception is without merit as the complaint was not made under authority of said Chapter 107.

Four constitutional questions raised by respondent during the trial of the complaint have been certified by the Superior Court to this court for answer. These questions arise upon respondent's claim that complaint cannot be made against him under the provisions of Chapter 843 (effective April, 1926) because the illegitimate child was born 18 months before said chapter became effective. Respondent contends that to sustain such a complaint violates his rights under Sec. 10, Art. I of the Constitution of the United States inhibiting the passage of an *ex post facto* law and of Sec. 1 of Art. XIV of the amendments thereto by depriving him of his rights without due process of law. He also contends that such a complaint violates his rights under Sec. 10, Art I of the Constitution of this State by depriving him of his rights in a criminal prosecution and of Sec. 12, Art. I prohibiting the passage of an *ex post facto* law.

We find no ground on which respondent's contentions can be sustained. The contentions are based upon a misapprehension of the purpose and effect of the statute requiring a father to support his illegitimate child. The inhibition against the passage of an *ex post facto* law applies only to criminal laws. *Manning* v. *Board of Tax Commissioners,*

46 R. I. 400; *East Shore Land Co.* v. *Peckham*, 33 R. I. 541: *Mahler* v. *Eby*, 264 U. S. 32; *Calder* v. *Bull*, 3 Dallas 386.

We have held that proceedings to compel a father to support his illegitimate child, though in form criminal, are in substance and effect civil. *State* v. *Sullivan*, 12 R. I. 212; *State* v. *Bowen*, 14 R. I. 165; so held in *State* v. *Scott*, 65 N. W. 31 (S. D.); *Libby* v. *State*, 142 Pac. 406 (Okla.).

Chapter 843, authorizing complaints to be made to secure the support of children born out of wedlock, gives to a complainant in proceedings of this nature rights not possessed by the complainant in a criminal prosecution, namely, he may appeal to the Superior Court from a judgment or order of a district court; his petition for a new trial may be granted as in civil cases; respondent may be convicted by a preponderance of the evidence. *State* v. *Bowen,* supra. Furthermore, if respondent is found to be the father of the child he is not sentenced for an offense as in a criminal case but an order is entered requiring him to pay such sum of money as the court may fix for the support and education of his child. In *Commonwealth* v. *Callaghan*, 223 Mass. 150, it was held that a statue making it a misdemeanor for the father of an illegitimate child to refuse to contribute reasonably to the support of such child, whether such child was begotten before or after the taking effect of the statute, was not an *ex post facto* law. Same effect is *Richardson* v. *State*, 110 A. 660 (Del.).

By the present proceeding complainant is only seeking to require respondent to contribute to the support of his child from the date of the complaint. Such support is a distinct and continuing duty. Complainant is not seeking to recover any money from respondent for the support of his child prior to the date of the complaint nor to punish him for his offense. We have carefully examined the record and find nothing therein violative of any of the rights of respondent.

Several exceptions taken by respondent were not briefed nor argued and are considered waived.

We answer the constitutional questions certified to this court in the negative. All of respondent's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*Elmer S. Chace, City Solicitor, Clifton I. Munroe, Francis D. McManus, William H. S. Callahan, Assistant City Solicitors*, for complainant.

*Philip C. Joslin, Arthur H. Feiner*, for defendant.