No. 13,054.

ABBOTT *v.* THE PEOPLE.

(16 P. [2d] 435)

Decided November 28, 1932.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. WALLACE S. PORTH, Assistant, for the people.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff in error Abbott was tried in the juvenile court of the City and County of Denver by a jury and found guilty of the crime of statutory rape and was sentenced by the court to the state penitentiary for a term of not less than six, nor more than ten, years. The defendant is here with his writ of error seeking to have this judgment set aside, mainly upon the ground that the juvenile court had not jurisdiction of the case.

Our General Assembly in 1907 (S. L. 1907, 324), first established a juvenile court in this state. Section 2 of that act, so far as material here, reads: "Such court shall have original jurisdiction in all criminal cases or other actions or proceedings in which the disposition, custody or control of any child or minor, or any other person, may be involved under the Acts concerning delinquent, dependent or neglected children, or any other Acts, statute or law of this State now or hereafter existing concerning dependent, delinquent or neglected children, or which may in any manner concern or relate to the person, liberty, protection, correction, morality, control, adoption or disposition of any infant, child or minor, or the duties to, or responsibility for such infant, child or minor, of any parent, guardian or of any other person, corporation or institution whatsoever." In 1923 (S. L. 1923, 208), the General Assembly amended section 2 of the act of 1907, to read as follows "Such courts shall have coordinate jurisdiction with the District and County Courts of this State in any criminal case of the people against or concerning any person under the age of twenty-one years, and also any criminal case of the people against or concerning any adult person for the violation of any law of this state where the offense charged in the complaint, indictment or information shall be against the person or concerns the morals or the protection of a person under the age of twenty-one years." The information in this case was based upon this amended act of 1923.

The juvenile court is not a constitutional court. It is a court created by statute and possesses only such powers as the statute properly confers upon it. In so far as any question here is concerned, the jurisdiction of the juvenile court under the act of 1923 is no broader than, or different from, the jurisdiction which was conferred by the act of 1907. The 1907 act reads: "original jurisdiction," while the 1923 act says that the juvenile court "shall have coordinate jurisdiction with the District and County Courts of this State."

■ In *Colias v. People*, 60 Colo. 230, 153 Pac. 224, in an opinion by Mr. Justice Teller, it was said that Colias "was convicted in the Juvenile Court of the crime against nature, committed upon a minor, and sentenced to the penitentiary for not less than ten nor more than twenty years." Timely objection was made at the trial to the jurisdiction of the court, and this objection was renewed in the Supreme Court. The opinion further says: "By section 2, jurisdiction is conferred upon the Juvenile Court in all criminal cases, or other actions or proceedings, in which the disposition, custody, or control of a minor, or any other person, is involved in either of two cases; first, when the subject specified is involved under Acts, existing or hereafter existing, concerning delinquent, dependent or neglected children; and, second, when such subject is involved under any other Acts, statute or law of this State, which concern or relate to the person, liberty, control, etc., of any minor or to the duties of any parent, guardian, or of any other person, corporation or institution toward a child." Immediately following this quoted language the opinion proceeds to state that it was not intended by the statute "to give the court jurisdiction of all criminal cases. * * * In other words, the jurisdiction of the court extends only to cases in which the *disposition, custody* or *control* of a minor or other person is involved under certain acts concerning minors, parents, etc. Criminal cases in the Juvenile Court must, therefore, be such only as are incidental to cases arising under the acts named, unless a larger jurisdiction is conferred by some other part of the act," and the opinion held that no such larger jurisdiction was conferred. And the opinion further states, which is quite pertinent here: "It will be observed that the expressed purpose of the liberal construction prescribed is that the jurisdiction of the court, * * * shall be concurrent with the District Court in specified criminal cases. That is to say, in any criminal case arising incidentally in causes in which the Juvenile Court has jurisdiction under said sec-

tion two that court has concurrent jurisdiction with the District Court. General jurisdiction in cases of criminal offenses against minors could hardly be given in a section which merely prescribes a liberal construction of a statute conferring jurisdiction in a specified class of cases.'' And the court further said: ''This repetition of the language of section two, defining the court's jurisdiction, in the same section in which is found the requirement for a liberal construction, is conclusive that no general jurisdiction of criminal cases was intended. This conclusion finds support in other parts of the act, which emphasizes the purpose of the law as being to provide for the protection and care of neglected or delinquent children, as the very name of the court indicates. * * * Section 18 authorizes the calling in of county judges in case of the absence, sickness, or disability of the judge of the Juvenile Court, and if the Juvenile Court has the jurisdiction for which the state contends, judges of the County Courts may sit in the trial of all criminal cases, where the offense is committed against a minor.

''In view of the fact that judges of the County Court are not required to be, and frequently are not members of the bar, or learned in the law, it is highly improbable that the legislature intended by this act to make it possible for county judges to sit in cases which they are, in many instances, wholly unqualified to try.'' The opinion further refers to the fact that a previous statute of 1903 gave all county courts jurisdiction to try criminal cases where the accused was a minor, and the opinion then states: ''That was clearly in accord with the general purpose of the act, but there is no reason apparent, and none is suggested why the Juvenile Court should try cases of crimes committed against minors. Criminal laws are for the protection of all the members of society, adults and minors alike, and, in the enforcement thereof it is entirely immaterial what is the age of the person against whom an offense has been committed.

''The public is interested in having the criminal laws

of the state enforced in the forum which is best equipped for the purpose, and to the District Court has been committed that duty since the earliest legislation on the subject in our territorial days.''

In a subsequent case, *In re Songer,* 65 Colo. 460, 177 Pac. 141, this court, in an opinion which also was written by Mr. Justice Teller, held that the juvenile court has no jurisdiction of the crime of rape even when committed upon the person of an infant child. In this opinion it was said that the Juvenile Court Act, as it then read, gave ''jurisdiction only in such criminal cases as came clearly within its spirit and letter, as affecting the interest of a child or a minor, under acts for their protection.'' In speaking of the crime of rape, which was the crime charged in the information, the opinion said: ''The crime of rape is a substantive offense under a statute which has no relation to the care or protection of minors. If all the acts mentioned in the statute quoted were repealed, rape would still be a crime punishable as it is now. The offense is the same no matter who is the victim, or what relation she sustains to the offender. Its punishment is for the protection of all the members of society, adults as well as minors. It involves the enforcement of the criminal laws of the state, and the liberty of the accused.'' If, as we have held in these cases just cited, the juvenile court is without jurisdiction under the 1907 act that purported to confer it by the word ''jurisdiction,'' it would seem to follow that it lacks jurisdiction under the 1923 act which uses the words ''coordinate jurisdiction.''

We have thus quoted at length extracts from the opinions of Mr. Justice Teller in these two cases because they are decisive of the case in controversy. The original Juvenile Court Act of 1907, in so far as concerns the question now before us for determination, is, in substance, the same as the language of the 1923 act under which the defendant Abbott was charged with the offense of rape. If we adhere to the decision in the two cases

mentioned, we must, as we now do, hold that the juvenile court did not have jurisdiction under the 1923 act of the crime of rape charged against this defendant. This renders it unnecessary to consider the other errors which have been assigned and vigorously argued by respective counsel. We think the well considered cases in other jurisdictions are in line with our conclusion.

In *Swanson v. State,* 105 Neb. 761, 181 N. W. 921, we find the following statement: "Juvenile Courts are not criminal courts. Their function is not to try criminal charges and punish for criminal offenses. It is only upon the theory that they are not criminal courts that their establishment, and that their methods of procedure, can be sustained as constitutional." And the opinion cites in support of this statement: *State v. Burnett,* 179 N. C. 735, 102 S. E. 711; *Ex parte Bartee,* 76 Tex. Cr. 285, 174 S. W. 1051; 14 R. C. L. 277, §48. In *People v. Zmudzinski,* 141 N. Y. Supp. 542, the judge, in speaking of the jurisdiction of juvenile courts in general, said: "Perhaps I can well illustrate what I mean by stating that in my judgment an adult charged with violating the Labor Law as to employment of children could lawfully be tried in the Children's Court; whereas, an adult charged, as is this defendant, with having run upon a child with his automobile cannot be tried in the Children's Court. The offense could be committed against an adult as well as a child in the latter case; in the former, not." The specific charge against the defendant in that case was that the defendant, an adult, had violated an ordinance by handling an automobile on a public street in such a careless manner as to inflict personal injuries upon the child, and it was held that the juvenile court had no jurisdiction in such case.

Reliance is had by the people on *People v. Morley,* 77 Colo. 25, 234 Pac. 178. An examination of the opinion in that case discloses that the only question presented for determination, at least the only question decided by the court, was whether the Juvenile Court Act deprived the

district court of jurisdiction of minors accused of committing a crime. We said that the jurisdiction of the court was not divested by the Juvenile Court Act. A reading of the opinion of the court in that case shows that the writer was uncertain as to the meaning of certain parts of the Juvenile Court Act, but the opinion in no respect qualifies or overrules *Colias v. People*, 60 Colo. 230, or *In re Songer*, 65 Colo. 460. We are not disposed to overrule them.

We think it is apparent from the record that the trial judge was in doubt as to his court's jurisdiction in this case. And it may be, and we think it likely, he assumed that it was the wiser thing for him to assume that such jurisdiction had been conferred, so that, if the defendant was found guilty and a judgment thereupon was rendered against him, he might be in a position to have it reviewed by a writ of error in the Supreme Court whose opinion would be a guide to the juvenile court in all future cases.

The judgment herein was wrong, and it is therefore reversed, and the cause is remanded with instructions to the trial court to vacate the same and to enter judgment for the defendant dismissing the action.

MR. JUSTICE BUTLER dissents.

MR. JUSTICE BUTLER, dissenting.

On the subject of the jurisdiction of juvenile courts, I cannot bring my views into harmony with those of my brethren. The matter is of such great public importance and the results that are likely to follow the decision are so serious that I consider it a duty to state the reasons for dissenting.

*Colias v. People*, 60 Colo. 230, 153 Pac. 224, and *In re Songer*, 65 Colo. 460, 177 Pac. 141, do not, I submit, have the controlling effect attributed to them in the majority opinion. Both were decided under the act of 1907 (S. L. 1907, p. 324), the pertinent provisions of which are

quoted in the majority opinion. As construed by the court in the Colias case, section 2 of that act conferred jurisdiction upon juvenile courts "in all criminal cases, or other actions or proceedings, in which the disposition, custody, or control of a minor, or any other person, is involved in either of two cases," to neither of which did the case then before the court belong. Section 19 provided: "This Act shall be liberally construed so that the jurisdiction of the court, as defined by section two (2), shall be concurrent with the district court in any criminal case against a minor, and also *any criminal case against an adult person* for the violation of any criminal law of this State, where the offense shall be *against the person or involves the morals* of a child or minor." It was contended that this provision conferred the necessary jurisdiction; but the court held that, "General jurisdiction in cases of criminal offenses against minors could hardly be given in a section which merely prescribes a liberal construction of a statute conferring jurisdiction in a specified class of cases." The court did not hold that if the words commencing with "and also" and ending with "or minor" had occurred in section 2, jurisdiction to try the Colias case would not have existed, but held merely that, occurring, as they did, in the wrong connection, those words did not have the effect of conferring such jurisdiction. The Colias case was decided in a department consisting of three justices. The Songer case was decided en banc, and the court, two justices dissenting, followed the Colias decision. The same justice wrote the opinions in both cases. In 1923, after those decisions were rendered, and because of them, the legislature, by amending section 2, enlarged the jurisdiction of juvenile courts. As amended, section 2 provides that juvenile courts shall have coordinate jurisdiction with the district and county courts in the following, among other, cases: "* * * *any criminal case* of the people *against* or concerning *any adult person* for the violation of any law of this state where *the offense*

*charged* in the complaint, indictment or information shall be *against the person or concerns the morals or the protection of a person under the age of twenty-one years.*" S. L. 1923, p. 209. That statute was passed pursuant to section 1 of article 6 of the state Constitution, which provides that the legislature may confer upon such courts jurisdiction "in cases involving minors and persons whose offenses concern minors." It would seem that the present case comes strictly within the terms of the amended section. It is a "criminal case"; it is against an "adult person"; "the offense charged" was "against the person" and concerned "the morals" and "the protection" of "a person under the age of twenty-one years." The crime charged was statutory rape. The statute under which Abbott was convicted provides, in substance, that a man over the age of eighteen years who has sexual intercourse with an unmarried girl under the age of eighteen years is guilty of rape. C. L. §6689. Unlike the crime charged in the Colias case (i.e., the crime against nature), this crime can be committed only against a child, as such; it cannot be committed against an adult. Such conduct was made a crime in order to safeguard girls under the age of consent against the arts of the seducer, and to save them from moral contamination. If such an offense does not come within the provision of amended section 2, quoted above, what offense does come within that provision? The provision must be given *some* effect, of course. If it is held not to cover such a case as the present one, what effect *can* be given to it? If, by the language used, the legislature has failed to accomplish its purpose, pray what language could it select in order to make its will effective? The legislature used plain English words, each having a well-known meaning, incapable of being misunderstood. They are combined into a sentence that is free from ambiguity.

With the question whether or not it was wise to confer such jurisdiction upon juvenile courts, we need not, indeed we are not permitted to, concern ourselves; that

question is solely for legislative determination. If at any time the legislature should conclude that it acted unwisely in passing the amendatory act of 1923, doubtless the legislature will correct the mistake by proper enactment. But until that has been done, we should enforce the act according to its letter and spirit. This, I submit, has not been done in the present case.

I respectfully dissent from the judgment of the court.