## No. 17,957.

MARGARET ORTEGA, PETITIONER, ETC. *v.* DAVID PORTALES.
(307 P. [2d] 193)

Decided February 11, 1957.

Mr. FRED R. REHMER, Mr. WALLACE VANDER JAGT, Mr.

John C. Banks, Mr. Frank A. Elzi, for plaintiff in error.

Mr. Charles T. Mahoney, for defendant in error.

*In Department.*

Mr. Chief Justice Moore delivered the opinion of the Court.

Plaintiff in error, to whom we will refer herein as petitioner, on October 20, 1955, filed a petition in the Juvenile Court of the City and County of Denver in which she alleged: that she was the mother of Mary Ann Portales who was born in 1947; that respondent Portales (defendant in error) was the father of said child; that said child was dependent because she did not have proper parental care; that she was entitled to support from her father who was able to support and care for her and who had knowledge of the condition of dependency; and that the said father had failed and refused to furnish support.

Respondent Portales filed a "Special Plea in Bar Statute of Limitations" which contained the following:

"1. That MARGARET ORTEGA is not and never has been the wife of the Respondent herein;

"2. That the Respondent denies that he is the father of the child of MARGARET ORTEGA named MARY ANN;

"3. That the statute of limitations in the Laws of the State of Colorado has run against the action herein and more than the statutory period of limitations has lapsed before the commencement of this particular action;

"4. That the Laws of the State of Colorado place a limitation in which time this case should have been commenced; that the Respondent herein especially claims the rights under those statutes and under the Laws of the State of Colorado;

"5. That the court is powerless to proceed in the hearing of said case because in the light of the facts and

the statute of limitations in the State of Colorado, the court is powerless to proceed.

"WHEREFORE, Respondent prays that said Petition be dismissed.

"Dated this 16th day of November, 1955."

The plea in abatement was sustained by the trial court and judgment was entered dismissing the petition. The trial court said, inter alia:

"In this particular case, the child was born out of wedlock. The court thinks there is a distinction between a legitimate and illegitimate child, because for a legitimate child, the obligation is continuing and exists at all times. This is different from a case where the child was born out of wedlock. When a child is born out of wedlock, the obligation arises when the court declares the respondent to be the father of the child. This child was conceived eight years and ten months previous to the filing of the action.

* * *

"Nowhere can I read into the Dependency statute or the Contributing to Dependency statute any provision that this action would not be barred by the statute of limitations. I feel that the statute of limitations definitely provides that all actions shall be barred, of every kind, that are not otherwise provided by law."

C.R.S. 1953, 22-1-1, in pertinent part provides:

"For the purpose of this article, the words 'dependent child' or 'neglected child' shall mean any child under the age of eighteen years who is dependent upon the public for support; * * * or who has not proper parental care or guardianship; or who, in the opinion of the court, is entitled to support or care by its parent or parents, where it appears that the parent or parents are failing or refusing to support or care for said child. * * * "

This section concludes with the statement that, "The laws of this state concerning dependent or neglected children or persons who cause, encourage or contribute thereto, shall be construed to include all children under

the age mentioned in this section from the time of their conception and during the months before birth."

### Question to be Determined.

*In a civil action filed in the juvenile court, in which it is alleged that an illegitimate child is dependent in that it is not receiving proper parental care or support from its father; does the statute of limitations bar prosecution of the action when more than three years have elapsed following conception or birth of the child without any adjudication determining the respondent to be the father of the child?*

The question is answered in the negative. The trial court held that the claim of petitioner was barred by the three year statute of limitations and that it was within the coverage of that portion thereof which provides that, "All other actions of every kind for which no other period of limitations is provided for by law," shall be barred unless commenced "within three years next after the act complained of and not afterwards." (C.R.S. 1953, 87-1-9.)

■ Under the provisions of the statute relating to civil proceedings in the juvenile court concerning dependent and neglected children, there is a continuing liability upon the father of a legitimate, or illegitimate child, to provide reasonable support commensurate with the need of the child and the ability of the father until said child has attained the age of eighteen years. The conduct of which complaint is made in the petition is parental omission to support the child, thus giving rise to a present and continuing state of dependency. The act complained of is not that which resulted in conception of the child.

■ The inescapable result of the trial court's ruling is the establishment of two classes of children in dependency actions, one, the illegitimate dependent child against whom the limitations of the law run; the other the legitimate dependent child against whom the statute of limitations will not operate. The dependency statute,

C.R.S. '53, 22-1-1, makes no such distinction. The terminology thereof, namely, "any child" clearly negates such a construction.

The question presented here is one of first impression; however, the same issue has been raised and resolved in favor of a child in criminal proceedings by this court. C.R.S. 1953, 43-1-1, contains the provision that any man who shall wilfully refuse to support his legitimate or illegitimate child under sixteen years of age shall be deemed guilty of a felony. Construing this section in the case of *Wamsley v. The People,* 64 Colo. 521, 173 P. 425, where it was charged that defendant failed and refused to provide reasonable support for his illegitimate minor child age four years, the court said:

"No part of the Act of 1879, relating to bastardy, has any bearing or effect upon the instant case. Under our nonsupport statute of 1911, an alleged father of an illegitimate child, in any case where such child is under sixteen years of age, may be prosecuted for failure to support it, without having been adjudged, in some prior proceeding, to be such father. See *People v. Stanley* (Calif.), 166 Pac. 596. There was no error in overruling the motion to quash."

And quoting from *Comm. v. Callaghan,* 223 Mass. 150, 111 N.E. 773, the court continues:

"The statute does not attempt to punish him for begetting or neglecting to support the child before the statute took effect. The statute, from the time it became a law, requires the defendant, as the father of the child, to contribute to its support and maintenance, thus relieving the mother or others upon whom the burden may chance to fall."

■ The gravamen of the offense is not the fathering of the illegitimate child, but the failure to make provision for its support if and when it becomes a dependent child under the statute. This court has defined the nature of an action in contributory dependency in the case

of *Dikeou v. The People,* 95 Colo. 537, 38 Pac. (2d) 772, where it was said that:

"Juvenile courts, in proceedings such as this, are authorized to determine the question of dependency, and, if found, to determine who is responsible therefor, or who has contributed thereto, and to enforce their findings by judgment and execution, or by the taking of a bond conditioned for the performance of the duty. It is immaterial that the statutes do not specifically confer authority to determine the question of parentage. The law is to be enforced· where the duty exists. The duty usually rests upon parents and the placing of responsibility involves the determination of relationship. Fatherhood is often denied even where marriage exists. Jurisdiction to determine parentage, in such cases, is not only conferred by necessary implications, but the legislative intent is made clear by section 650, Id., which provides: 'This act shall be liberally construed * * * for the purpose of the protection of the child from neglect or omission of parental duty toward the child by its parents.'

"True, the juvenile court has no jurisdiction in a rape case. *Abbott v. People,* 91 Colo. 510, 16 P. (2d) 435. But this is a civil case.

\* \* \*

"We have held that, although a bastardy prosecution under one statute is barred because not brought in time, an action may still be maintained under another statute for failure to support the illegitimate child. *Wamsley v. People,* 64 Colo. 521, 173 P. 425."

▇ The infant child cannot be deprived of its right to continued parental care and support by failure on the part of any person to act within a limited time following its birth. The lapse of time may add to the difficulties of proof concerning the essential facts upon which liability may depend, but this does not mean that the pertinent facts cannot be judicially determined.

The judgment is reversed and the cause remanded for trial upon the issues made by the pleadings.

Mr. Justice Knauss, Mr. Justice Sutton and Mr. Justice Day concur.