DUNN, HINDS COUNTY WELFARE AGENT, STATE OF MISSISSIPPI v. GRISHAM

No. 42812 November 25, 1963 157 So. 2d 766

*Delos H. Burks,* Asst. Atty. Gen., Jackson, for appellant.

*Harmon W. Broom,* Jackson, for appellee.

ETHRIDGE, J.

■■ ■ This case involves the use of antecedent facts in a petition for filiation and support of an illegitimate child under the Mississippi Uniform Act on Paternity. Miss. Laws 1962, Chap. 312 (effective July 1, 1962); Miss. Code 1942, Rec., §§ 383-01 to 383-27. The trial court held that, since the child was born before the act took effect, the petition was barred by the one-year statute of limitations operative at that time, but now repealed; and the new act applied only to illegitimate children born after its effective date. We do not agree, and hold the act applies by its terms to children born both before and after its effective date. See 1960 Hanbook of National Conference of Commrs. on Uniform State Laws, pp. 178-182.

On October 9, 1962, Nathalie Dunn, Hinds County Welfare Agent, State of Mississippi, filed in the County Court of the First Judicial District of Hinds County a petition against Richard T. Grisham, to determine paternity of and child support for Ronnie Avery Warren, a male minor child born on September 16, 1960. The petition alleged that Ida Belle Warren is the mother of the child, and Grisham is his father; that Ida as the mother is receiving welfare assistance from the State of Mississippi, and the child has become a ward of the state to the extent that it is receiving support from the Hinds County Welfare Department. The petition averred that Grisham owed a duty to provide for sup-

port of the child, and asked the court to determine his paternity and to require Grisham to provide a reasonable sum for his support. The child was born approximately 22 months before the Paternity Act went into effect. The mother and putative father are both Negroes. In response to interrogatories propounded by defendant, the mother stated she was 22 years of age, had never been married, and had one other child by another man. This other child receives as support from the Welfare Department $25 per month.

Grisham pleaded that the petition was barred by the one-year statute of limitations under the former bastardy act (Miss. Code 1942, § 393) which provided:

"Proceedings under this statute shall not be instituted by the mother after the child is twelve months old, unless the defendant be absent from the state so that process can not be served on him." This section was repealed by the new Paternity Act. Miss. Code 1942, Rec., § 383-25.

The county court heard the cause on defendant's plea of the statute of limitations, sustained it, and dismissed the petition. It held that the 1962 act had no application to this case, since the child was born before it went into effect; that the 1962 Paternity Act was not retroactive, and if it were, it would be in violation of the prohibitions against ex post facto laws in the federal and state constitutions. U. S. Const., art. 1, § 9, par. 3; Miss. Const. 1890, § 16. The county court thought the 1962 law could be applied only to the natural parents of those illegitimate children born after its passage. From that judgment the state took a direct appeal to this Court, as authorized by Code § 383-18. In this state of the pleadings, we assume the truth of allegations in the petition.

A bastardy or filiation proceeding is a civil and not criminal action, except that the issuance of a warrant and the arrest of a recalcitrant defendant

is in the nature of a criminal proceeding. ██ But generally in this state and elsewhere filiation proceedings are civil in nature, and are governed by the rules of procedure applicable to civil actions. Welford v. Havard, 127 Miss. 88, 89 So. 812 (1921); Thomas v. Cook, 229 Miss. 458, 91 So. 2d 275 (1956); 10 C. J. S., Bastards, § 32 (b); 10 Am. Jur. 2d, Bastards, § 75. ██ Accordingly, the constitutional prohibition of ex post facto laws does not apply here. ██ The phrase is one which relates exclusively to criminal or penal statutes. 11 Am. Jur., Constitutional Law, § 351; 16A C. J. S., Constitutional Law, § 435. In this case we are dealing with the civil duty of a father to support his illegitimate child.

The main question is this: Does the Paternity Act of 1962 apply by its own terms to children born out of wedlock prior to the effective date of the act? We think it does.

 ██ The act provides that the father of a child born out of wedlock "is liable to the same extent as the father of a child born in lawful matrimony," for the reasonable expense of the mother's pregnancy, "and for the education, necessary support and maintenance, and medical . . . expenses of the child." § 383-01. Paternity may be determined upon petition of the mother, the child, "or any public authority chargeable by law with the support of the child." However, proceedings can not be instituted *by the mother* after the child has reached the age of one year, unless the defendant is absent from the state, or has acknowledged in writing that he is the father. § 383-02. These sections impose upon a father the duty to support and maintain his illegitimate child, and gives any public authority, such as the petitioner here, the right to enforce this duty. However, the father's liability "for past education and necessary support and maintenance and other expenses" is limited to a period of one year next preceding com-

mencement of an action under the act. § 383-03. If the finding of the court be against defendant, the court shall make an order of filiation, "declaring paternity and for the support and education of the child." And if the child is or is likely to become a public charge on the county or the state, "the public welfare agent of that county shall be made the trustee" for payments by the father. § 383-12. Where the complainant is a state or county welfare official, the county or district attorney shall prosecute the petition. § 383-19.

Section 383-25 makes even clearer the legislative intent, indicated in the preceding sections, that the act would apply to all fathers of illegitimate children, irrespective of the date of birth. It provides: "This act applies to all cases of birth out of lawful matrimony as defined in this act . . ."

 █ In brief, the legislative intent, to create and provide for the duty of a father to support his illegitimate child, whenever born, is manifest from the Paternity Act. It was to be retrospective as well as prospective in effect. █ The statute does not attempt to punish a father for begetting or neglecting to support his child before the statute took effect. It simply requires him to contribute to his child's support and maintenance, thus relieving the mother and others, including the state welfare department, upon whom the burden may chance to fall. The gravamen of the petition, the basis of the liability is not the fathering of the illegitimate child, which in this instance occurred before the effective date of the act. █ Its purpose is to make provision for the child's support if and when it becomes a dependent child under the statute. Ortega v. Portales, 134 Colo. 537, 307 P. 2d 193 (1957). The Florida court properly observed in Rooney v. Teske, 61 So. 2d 376 (Fla. 1952), that "the act conforms with every impulse of right, justice and decency . . . There is no better settled principle of public policy than that it is the duty of every

man to provide food and raiment for his own, and the purpose of the statute was to spell out this principle and apply it to all of his own even though they be bastards. It imposed no responsibility that was not already in good conscience incumbent on the father . . .''

▮▮ Moreover, a statute is not invalidly retroactive merely because it draws upon antecedent facts for its operation. Neild v. Dist. of Columbia, 71 App. D.C. 306, 110 F. 2d 246, 255 (1940). The only antecedent facts involved in this case are the conception and birth of the child. ▮▮ ▮ The purpose of the statute was not to punish the putative father, appellee, for fornication or adultery, but to require him to provide support for his child. In this sense there is nothing of a retroactive nature in the Paternity Act. Dicks v. U. S., 72 A. 2d 34 (D. C. Mun. Ct. App. 1950); Bailey v. State, 214 Ga. 409, 105 S. E. 2d 320 (1958).

▮▮ ▮ The new statute provides a new and more effective method and remedy for a filiation order and for requiring a putative father to support his own child. See Cummings v. Church, 50 R.I. 71, 145 A. 102 (1929). The obligation of a putative father to support his bastard child is a continuing duty. 10 Am. Jur. 2d, Bastards, § 78. The same text, § 47, states that ''a legitimating statute, being considered remedial in its nature, is generally construed to be retrospective in its operation in that it will operate upon antecedent facts . . .'' Anno., 140 A. L. R. 1323 (1942). ▮▮ ▮ Hence statutory provisions declaring legitimate children otherwise illegitimate may have retrospective operation ''to give effect to the intention of the legislature, in view of the fact that such provisions are remedial.'' 10 C. J. S., Bastards, § 10.

▮▮ ▮ The legislature has a proper interest in the support and maintenance of illegitimates by their fathers. ▮▮ ▮ Legislation to effectuate that purpose and public policy is within the police power of the state.

The 1962 act places certain limitations upon the rights of a claimant under it. For example, the father's liability for past support and maintenance is limited to one year next preceding commencement of an action. § 383-03. The mother may not institute proceedings after the child has reached the age of one year, unless defendant is absent or has acknowledged the child. § 383-02. However, the new act is more consistent with current practice than was the former statute, which provided that the board of supervisors could proceed to enforce a putative father's duty to support an illegitimate child, at any time within one year after the child has become a charge upon the county. Code § 394. Today child support is usually furnished by the State Department of Public Welfare. That agency now has the right, where it provides such support, to petition the court for an adjudication of paternity and an order requiring the father to care for a child brought into the world by his own misdeed. Code § 383-01.

In summary, the Paternity Act of 1962 is not affected by provisions concerning ex post facto laws. The legislature intended it to require of a father support of his illegitimate children, even though antecedent facts before the act's effective date might be considered in determining the basis of the support. The mere fact that antecedent facts are used does not make a law invalidly retrospective. The statute affects the procedure and remedy only, and is a legitimate exercise of the police power of the state. Accordingly, the county court erred in sustaining defendant's plea of the statute of limitations. That order is reversed, and the cause remanded for further proceedings under the act.

Reversed and remanded.

*McGehee, C. J., and McElroy, Jones and Brady, JJ.,* concur.