230 A.2d 864.

BETTY OLIVEIRA *vs.* MICHAEL SANTOSUOSSO.

JUNE 15, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a complaint brought pursuant to the provisions of G. L. 1956, chap. 8 of title 15, as amended, entitled "Bastardy Proceedings." After a hearing before a judge of the family court, the respondent on June 9, 1964, was found guilty and was adjudged the putative father of

the complainant's child. He was ordered to pay a sum certain for the complainant's medical expenses and $10 a week towards the support of the child until she reaches 18 years of age. The respondent in prosecuting his exception to the trial justice's decision here alleges that it was contrary to the law.

In making his decision, the family court prefaced his finding by pointing out that under a long line of decisional law in this jurisdiction, a bastardy proceeding, though criminal in form, is civil in substance and effect. Therefore, he said, the quantum of proof to be produced by complainant is that by a preponderance of the evidence rather than proof beyond a reasonable doubt. In stating this principle, the court was setting forth the rule which we have enunciated on innumerable occasions. *State* v. *Mullen,* 87 R. I. 401, 142 A.2d 543; *Cummings* v. *Church,* 50 R. I. 71, 145 A. 102; *State* v. *Bowen,* 14 R. I. 165; *State* v. *Sullivan,* 12 R. I. 212.

The respondent acknowledges our prior holdings but argues that in 1962 when the general assembly amended G. L. 1956, §15-8-8, it made bastardy proceedings criminal not only in form but also in substance. Section 15-8-8, as amended, reads as follows:

> "In all prosecutions hereunder, trial shall be by the court unless trial by jury is claimed by either party within ten (10) days after arraignment, in which event said trial shall be by jury."

It is respondent's contention that the use of the terms "prosecution" and "arraignment" by the general assembly in its 1962 amendment of §15-8-8 shows an unmistakable intent by the legislature to change our long-standing rule in bastardy cases and convert such actions from civil to criminal proceedings. Consequently, he says, the trial justice applied the wrong standard as to the burden of proof. We disagree.

Apart from some minor statutory changes which were necessitated in 1961 when the legislature established the family court and gave it jurisdiction to hear and determine matters relative to the paternity of children born out of wedlock[1], chap. 8 of title 15 reads substantially the same as when this act first appeared on the statute books of Rhode Island in 1873 just prior to *State* v. *Sullivan, supra.* Through the passage of time, this legislation has retained for its sole purpose the compelling of a father to support his illegitimate child. In *Cummings* v. *Church, supra,* this court pointed to certain aspects of the proceedings brought under this statute which distinguished it from the usual criminal case. A complainant may move for a new trial or take an appeal, as the case may be, from any adverse judgment or order. These are two advantages which are not available to a complainant in a criminal prosecution. This court pointed out in *Cummings* that if the respondent is found to be the father, he is not sentenced for an offense as in a criminal case but rather, an order is entered requiring him to pay for the support and education of his child.

A review of the amendments offered since 1961 to the provision relating to jury trial in a bastardy proceeding shows a clear intention of the legislature's purpose in this area. Prior to the adoption of the family court act, trial by jury in the superior court was automatic unless it was waived by both parties. In 1961 with the enactment of P. L. 1961, chap. 73, it provided that the accused shall have the right to a trial by jury. Apparently this right was afforded only to the accused and not the complainant. A year later, the general assembly saw fit to give each party an opportunity to appear before a jury. It did, however, impose upon such a person the obligation if he was to exercise this right that he do so within the ten-day period set forth in the statute.

---

[1]See *Surber* v. *Pearce,* 97 R. I. 40, 195 A.2d 541.

When the general assembly amended §15-8-8 in 1962, it is clear that it was exercising its constitutionally permissible authority to place reasonable conditions upon the exercise of one's right to a trial by jury in a civil case. *Mandeville, Brooks & Chaffee* v. *Fritz,* 50 R. I. 513, 149 A. 859. It is our opinion that the use of the terms "prosecution" or "arraignment" does not modify in the slightest degree the overwhelmingly civil character of our filiation statute. When the legislature used the term "prosecution," it did not have exclusive reference to criminal proceedings. Prosecution also means to follow up or carry forward a judicial action, be it civil or criminal, from its beginning to its final determination. Black, Law Dictionary (4th ed.), p. 1385; *State* v. *Dickens,* 66 Ariz. 86, 183 P.2d 148. Admittedly "arraignment" is a term usually found in parlance of criminal law. However, the legislature used "arraignment" in its efforts to establish the commencement of a time period during which either party could invoke the recognized right to a trial by jury. The arraignment referred to therein is that time when the respondent is brought before the court after having been served with the warrant as provided in §15-8-1, to answer to the accusation set forth in the complaint. The ten-day period in which a jury trial may be claimed begins to run at that time.

It is our considered judgment that chap. 8 of title 15 still retains the characteristics that it did years ago. Its primary purpose remains in assuring the support of the child, not the punishment of the father. The observations made by this court in *Cummings* apply with equal force and vigor today.

The respondent's exception is overruled, and the cause is remanded to the family court for further proceedings.

*Baffoni & Gelfuso, A. William Gelfuso,* for petitioner.

*Pat Nero,* for respondent.