486 So.2d 1253 (1986)
James Bernard MINOR
v.
STATE DEPARTMENT OF PUBLIC WELFARE.
No. 56770.
Supreme Court of Mississippi.
April 9, 1986.
Rehearing Denied April 23, 1986.
R.L. Netterville, Natchez, for appellant.
Joe Gentile, Jackson, Richard B. Tubertini, Brookhaven, for appellee.
Before PRATHER, ROBERTSON and SULLIVAN, JJ.
PRATHER, Justice, for the Court:
The defendant in a paternity suit brought by the State Department of Public Welfare moved for a summary judgment *1254 arguing the one year statute of limitations in Miss. Code Ann. § 93-9-9 (Supp. 1985) was applicable to the mother as well as the State Department of Public Welfare, the assignee of the mother. From the denial of the summary judgment, the defendant appeals and assigns as error:
(1) If the statute had run as to one party, then the statute had run as to any assignee of that party, as an assignee obtains no greater right than was possessed by the assignor.
(2) Miss. Code Ann. § 93-9-9 (Supp. 1985) as written is unconstitutional.

I.
On January 15, 1985, the State Department of Public Welfare filed a complaint and affidavit of paternity against the defendant, James Bernard Minor, alleging that Patricia Ann Mosby was delivered of a child, born out of wedlock on June 13, 1982. The paternity action also alleged that Patricia Ann Mosby, the recipient of public welfare, by the acceptance of public assistance for and on behalf of said child, was deemed to have made an assignment to the State Department of Public Welfare for past, present, and future child support.
The defendant, James Bernard Minor, denied that he was the father of the child and denied that either Patricia Ann Mosby or the State Department of Public Welfare had legal standing to bring this suit against him, because Miss. Code Ann. § 93-9-9 (Supp. 1985) provided a one year statute of limitations that was applicable to the mother as well as her assignee, the State Department of Public Welfare.
The defendant requested, and the trial court denied, a summary judgment on the question of the statute of limitations. From the denial of that summary judgment the defendant now brings this appeal.

II.
Motions for summary judgment are governed by the Mississippi Rules of Civil Procedure, Rule 56 which states in part, "A party against whom a claim, counter-claim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."
Appellant contends his motion for summary judgment should have been granted because the Department of Public Welfare was, as a matter of law, subject to the one year statute of limitations of Miss. Code Ann. § 93-9-9 (Supp. 1985). Following the rationale of the appellant, the right of the Department of Public Welfare to bring the paternity suit is limited to the same extent as the rights of the mother.

A.
The authority of the Department of Public Welfare to institute paternity suits is derived from two sources:
(1) The assigned right of the mother as described in Miss. Code Ann. § 43-19-35 (Supp. 1985) and
(2) Miss. Code Ann. § 93-9-9 (Supp. 1985).
According to Miss. Code Ann. § 43-19-35 (Supp. 1985):
By accepting public assistance for and on behalf of a child or children, the recipient shall be deemed to have made an assignment to the State Department of Public Welfare of any and all rights and interests in any cause of action, past, present or future, that said recipient may have against any parent failing to provide for the support and maintenance of said minor child or children for the period of time that assistance is being paid by said department; said department shall be subrogated to any and all rights, title and interest the recipient may have against any and all property belonging to the absent or nonsupporting parent in the enforcement of any claim for child support, whether liquidated through court order or not.
Under the above mentioned statute, the Department of Public Welfare receives, by assignment, any and all rights and interests the recipient of the public assistance may have.
*1255 According to Miss. Code Ann. § 93-9-9 (Supp. 1985):
Paternity may be determined upon the petition of the mother, the child, or any public authority chargeable by law with the support of the child; provided that such an adjudication after the death of the defendant must be made only upon clear and convincing evidence.
(Emphasis added).
In the present case, § 93-9-9 provides the Department of Public Welfare the right to petition the Court for a determination of paternity. The right is separate from and independent of the right of the mother.
Section 93-9-9 provides further:
However, proceedings hereunder shall not be instituted by the mother after the child has reached the age of one (1) year, unless the defendant be absent from the state so that personal service of process cannot be had upon him, or, unless the defendant has acknowledged in writing that he is the father of the child.
Not all parties given the right to petition under § 93-9-9 are limited as the mother is limited. "While Section 93-9-9 limits the time during which the mother may commence proceedings thereunder to one year following birth of the child, the child is not subject by that section to such limitation." Palmer v. Mangum, 338 So.2d 1002 (Miss. 1976). This Court has also held that the one year limitation imposed by § 93-9-9 was a restriction on the right of the mother only. Sandifer v. Womack, 230 So.2d 212 (Miss. 1970); Dunn v. Grisham, 250 Miss. 74, 157 So.2d 766 (1963).
Because § 93-9-9 provides the Department of Public Welfare with rights independent of the mother, just as a child has rights independent of its mother, this Court submits that the Department of Public Welfare is not bound by the one year statute of limitation that limits the rights of the mother.

B.
Appellant also raises an equal protection claim arguing that § 93-9-9 discriminates against a class of non-welfare recipient mothers as well as a class of alleged fathers of children born to welfare recipient mothers.
The basis of appellant's entire equal protection argument is the mistaken belief that § 93-9-9 embellishes the rights of welfare mothers to petition to have paternity established. It does not. Section 93-9-9 simply recognizes the independent rights of interested public authorities. In fact, in a proceeding brought by the Department of Public Welfare "to adjudicate paternity and responsibility for child support, the mother is not a necessary party.[1] The only interest of the Department of Public Welfare is in seeing that the taxpayers are relieved of some, or all of the burden in supporting an indigent child." McCollum v. State Department of Public Welfare, 447 So.2d 650, 653 (Miss. 1984). In fact, the statute insofar as it is applied to the maternal group is equally applied.
Appellant also mistakenly argues that the alleged father of a welfare recipient illegitimate child is at risk of a paternity suit indefinitely, while an alleged father of a non-welfare recipient illegitimate child is only subject to a paternity suit for one year from the birth of the child.
To reiterate, a child is not limited by the one year limitation imposed by § 93-9-9. Children, by their next friend, may petition to have paternity determined limited only by Miss. Code Ann. § 93-9-13 (Supp. 1985) which states in part, "[T]he action must be filed within one (1) year after the death of the father or within ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less."
For those reasons, this Court holds the equal protection arguments made by the appellant are without merit.

*1256 III.
Miss. Code Ann. § 93-9-9 (Supp. 1985) combined with Miss. Code Ann. § 43-19-31 (Supp. 1985) grant the Department of Public Welfare the right to petition the chancery court to have paternity determined. That right is independent of the mother's right which is limited by § 93-9-9 to one year from the birth of the child.
The decision of the chancellor is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] This Court notes that rule 19, Mississippi Rules of Civil Procedure abandons the terms "necessary" and "proper" and adopts the verbiage "persons needed for just adjudication."