515 So.2d 1205 (1987)
Willie Lee HULL
v.
STATE DEPARTMENT OF PUBLIC WELFARE.
No. 57865.
Supreme Court of Mississippi.
November 25, 1987.
*1206 Lawrence E. Young, West Point, for appellant.
Nancy H. Stuart, Louisville, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and GRIFFIN, JJ.
ROBERTSON, Justice, for the Court:
Willie Lee Hull appeals an order of the Chancery Court of Winston County that he reimburse the Mississippi Department of Public Welfare (DPW) for sums paid by that agency for the benefit of Hull's minor children. The Chancery Court went further and ordered that $125 be withheld from Hull's wages each month to be paid over to DPW. We hold that the Chancery Court correctly applied the law to the facts of this case. We affirm.
This case has its genesis in a judgment of the Chancery Court entered January 19, 1982, that Hull support his two children, Betty Hull, born August 26, 1968, and Linda Hull, born May 4, 1970. That judgment granted custody of the children to Betty M. Hull, their mother. The judgment further directed that Hull pay to the Winston County DPW for the support of said minor children the sum of $25 per week beginning February 1, 1982, and continuing "until each and every child shall either become age 21 years, marry, or be emancipated." Hull has made one $25 payment.
On June 24, 1986, DPW filed in the Chancery Court its petition for entry of an order for withholding, alleging that Hull was substantially in arrears in his obligations under the January, 1982, judgment. After plenary trial on the merits, the Chancery Court adjudged that Hull was in arrears in the sum of $5,575 and ordered that he pay said sum to DPW. The Court further adjudged that DPW was entitled to a withholding order and such order was entered providing that $125 per month be withheld from Hull's wages until the full sum of $5,575 be paid.
Hull appeals and asks that the withholding order be vacated.
This case is controlled by our statutory law. We begin with Miss. Code Ann. § 43-19-35 (Supp. 1987)[1] which provides *1207 that, by accepting public assistance, a parent, such as Betty Hull, is deemed to have assigned to DPW any right she may have to child support from the other parent. Betty had a right to support of and from Willie. By virtue of its having provided Betty with public assistance for the benefit of the two children, DPW has become subrogated to Betty's rights against Willie, or so Section 43-19-35 declares. DPW is thus empowered to sue a non-supporting parent such as Willie. See Minor v. State Department of Public Welfare, 486 So.2d 1253, 1254 (Miss. 1986).
In Ivy v. State Department of Public Welfare, 449 So.2d 779 (Miss. 1984), this Court traced the ancestry of Section 43-19-35 to the Elizabethan Poor Law of 1576.
This ancient law represents the progenitor of modern paternity suits where the purpose was not solely for the protection of the child, but rather the indemnification of the parish for the expense of the child's support.
449 So.2d at 781. The statute is based upon the premise that the taxpayers should be relieved of some or all of the burden of supporting the indigent child. Minor v. State Department of Public Welfare, 486 So.2d at 1255; McCollum v. State Department of Public Welfare, 447 So.2d 650 (Miss. 1984).
We have repeatedly recognized the authority of the Department of Public Welfare to sue to enforce support of indigent children.[2]Minor v. State Department of Public Welfare, 486 So.2d 1253 (Miss. 1986); Ivy v. State Department of Public Welfare, 449 So.2d 779 (Miss. 1984); McCollum v. State Department of Public Welfare, 447 So.2d 650 (Miss. 1984); and Metts v. State Department of Public Welfare, 430 So.2d 401, 405 (Miss. 1983). We reaffirm that authority.
Hull's obligations under the January 1982 judgment became fixed week by week as the $25 payments became due and were not paid. Under our law child support *1208 payments, once ordered, become fixed and vested when due and unpaid. Brand v. Brand, 482 So.2d 236, 237 (Miss. 1986); Hailey v. Holden, 457 So.2d 947, 951 (Miss. 1984); Cunliffe v. Swartzfager, 437 So.2d 43 (Miss. 1983); Duncan v. Duncan, 417 So.2d 908 (Miss. 1982). The evidence establishes without contradiction that Hull made only one $25 payment between February 1, 1982, and January of 1986. The Chancery Court found as a fact that the two children became emancipated in January of 1986. The Court held that Hull's child support obligation under the January 1982 judgment terminated at that point. Giving credit for the one $25 payment made, the Court then found Hull in arrears in the sum of $5,575, and correctly so.
Miss. Code Ann. § 93-11-103(2) (Supp. 1987) states that:
An order for withholding shall be granted upon petition by the obligee or the department where an order for withholding has not been previously entered.
Under the authority of this statute, the Chancery Court appropriately ordered that $125 per month be withheld from Hull's wages until the arrearage of $5,575 be paid in full.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] The operative statutes include Section 43-19-35 (Supp. 1987) which provides that:

(1) By accepting public assistance for and on behalf of a child or children, the recipient shall be deemed to have made an assignment to the State Department of Public Welfare of any and all rights and interests in any cause of action, past, present, or future, that said recipient may have against any parent failing to provide for the support and maintenance of said minor child or children for the period of time that assistance is being paid by said Department; said Department shall be subrogated to any and all rights, title and interest the recipient may have against any and all property belonging to the absent or non-supporting parent in the enforcement of any claim for child support, whether liquidated through court order or not. The recipient shall also be deemed, without the necessity of signing any document, to have appointed the State Department of Public Welfare to act in his or her name, place and stead to perform the specific act of instituting suit to establish paternity or secure support, collecting any and all amounts due and owing for child support, and endorsing any and all drafts, checks, money orders or other negotiable instruments representing child support payments which are received on behalf of the child or children, and retaining any portion thereof permitted under federal and state statutes as reimbursement for public assistance monies previous paid to the recipient.
Sections 93-11-101 and -103 (Supp. 1987) are the sections covering withholding. Under section 93-11-101
(a) "Order for Support" means any order of the chancery, circuit, county or family court, or any order from a court of a foreign jurisdiction enforceable in this state, which provides for periodic payment of funds for the support of a child, whether temporary or final, and includes any such order which provides for:
(i) modification or resumption of, or payment of arrearage accrued under, a previously existing order; or
(ii) reimbursement of support.
* * * * * *
(i) "obligee" means the individual to whom a duty of support is owed or the individual's legal representative. (Emphasis added)
Miss. Code Ann. § 43-19-31 (Supp. 1987) empowers the Child Support Unit of the Department of Public Welfare
(b) to secure and collect support by any method authorized under state law and establish paternity for any child or children receiving aid from the Department, from a parent or any other person legally liable for any such support who has either failed or refused to provide support... .
[2] Federal law also supports DPW's claim. Title 42, U.S.C. § 601, et seq. govern Grants To States For Aid and Services To Needy Families With Children and for Child Welfare Services. 42 U.S.C. § 602(a)(26)(A) (Supp. 1987) provides that states desiring to be eligible for federal funds must require applicants for ADC "assign the state any rights to support from any other person such applicant may have... ." 45 C.F.R. 302.51(f) (1986 Add.) states that

When a family ceases receiving assistance under the state's Title IV-A Plan, the assignment of support rights under Section 232.11 of this title terminates, except with respect to the amount of any unpaid support obligation that accrued under such assignment. From this accrued amount, the IV-D Agency shall attempt to collect such unpaid obligations. Under this regulation:
(1) such collection shall be used to reimburse any amounts of past assistance which have not been reimbursed.
* * * * * *
(3) only amounts collected pursuant to this paragraph which exceed the amount of unreimbursed past assistance shall be paid to the family.
(Emphasis added)
See Miller v. Miller, 512 So.2d 1286, 1287 (Miss. 1987). Thus, according to federal, as well as state law, the Welfare Department has a valid assignment covering those child support payments in arrears for the months the family received AFDC.