## J. A. MALONEY & CO. *v.* TATUM.

(Division B. Jan. 28, 1924. Suggestion of Error Overruled March 10, 1924.)

[99 So. 129. No. 23463.]

APPEARANCE. *Motion for leave to file pleas after appearance as amicus curiae constitutes "appearance" on failure thereof.*

In a suit on alleged contract for the sale of lumber, the alleged purchaser was designated as a corporation, and process was served on an alleged agent of the purported corporation. At the return term this alleged agent, under the direction of the purchaser, appeared as *amicus curiae*, and made known to the court that no such corporation existed, but that the alleged purchaser of the lumber was doing business as a partnership. Thereupon an amended declaration was filed to meet the objection that the defendant had not been sued in the proper capacity, and at the next term of court, in order to prevent a judgment by default from being entered on the amended declaration, counsel representing the defendant partnership appeared and moved the court for time to prepare a defense to the action and for leave to file pleas, and an order was entered sustaining this motion and granting the necessary time within which to prepare and file such pleas. *Held,* that this constituted an "appearance" and authorized the entry of a judgment upon the failure of the defendant to file pleas or interpose any defense.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Action by W. S. F. Tatum against J. A. Maloney & Co. From a judgment for plaintiff, defendant appeals. Affirmed.

*Currie & Smith,* for appellants.

The judgment is erroneous and this cause should have been dismissed; because the court had no jurisdiction of the defendants, or either of them. The first declaration was filed against a corporation, and the record shows that there was no such corporation. The court was informed of this fact through the suggestion and testimony of B.

A. Cragin, Jr., as *amicus curiae.* Thereupon the plaintiff amended his declaration, but no process was issued; and we submit that the defendants were never brought into the jurisdiction of the court.

We know of no way to obtain process on non-resident individuals, except by attachment or by personal service of process on them. There is no pretense that process of any sort was served on either of the defendants, and the record discloses no process upon the amended declaration. The defendants were never in court, and the court was wholly without jurisdiction to render any judgment against them.

*Tally & Mayson,* for appellee.

The paper filed by B. A. Cragin, Junior, in which he denominates himself, *"Amicus Curiae,"* was in effect, and in fact a plea of a *nul tiel* corporation. This plea of *nul tiel* corporation, was of course a plea in abatement. A plea in abatement, must give the plaintiff a better declaration, or writ. Stephen on Pleadings, 431. 1 Chitty's Pleading, 481.

When a defendant files a plea in which it denies it is now, or ever has been, a corporation, it should give the plaintiff a better writ, by pointing out to him its true character; that is whether it is a joint stock company, a partnership, or other aggregation of individuals, to the end that the plaintiff may amend, and thereby avoid abatement of his action, and such a plea, is a plea in abatement. 3 Thompson on Corporations, Section 3227, citing *Keokuk, etc., Bridge Company* v. *Wetzell,* 228 Ill. 253, 81 N. E. 864.

Appellee therefore then had a right to amend the declaration, after the parties had generously given him the information, that they were a partnership, and who the constituent members were. The appellants, of course, could not experiment with the court, since having entered an appearance, for one purpose, it was an appearance

for all purposes. Code of 1906, section 3946, Hemingway's Code, section 2953.

The filing by Cragin, of the paper giving the true *status* of the parties sued, amounted to the entering of a general appearance. 4 C. J. 1316. The same is also true under numerous adjudications of this court. *I. C. R. R.* v. *Swanson,* 92 Miss. 485, 46 So. 83; *Fischer* v. *Pacific Mutual Life Insurance Company,* 112 Miss. 30, 72 So. 846.

The parties were properly before the court, and having obtained leave to plead to the amended declaration, and having declined so to do, there was nothing else for the court to do, except render judgment, against the appellants on the application of the appellee.

*Currie & Smith,* for appellants in reply.

The suit in the lower court was not instituted originally against the appellants, who are partners, but it was instituted against an alleged corporation. After it appeared that there was no such corporation, the appellee obtained leave of the court to amend his declaration in an effort to get jurisdiction of the defendants.

But there was no plea filed by the defendants, nor was there any appearance by the defendants. And even if process had been issued for the defendants, it could not have been made returnable earlier than the next term of Court.

There was no waiver of process and no appearance of any sort. The case of *Columbia Star Milling Company* v. *Brand,* 76 So. 557, and, especially paragraph 3 of the Opinion, at 559, is conclusive of the present appeal in favor of the appellants. It appears in that case that an *amicus curiae* may appear and suggest to the court a reason why judgment should not be entered, and that such appearance will not confer jurisdiction over a defendant.

In the present case the suggestion of the *amicus curiae* did not amount to an appearance on the part of any per-

son. If there had been an appearance it would be the appearance of the *amicus curiae,* and not of the defendants. No judgment was sought against the *amicus curiae,* nor was any taken, but the plaintiff insisted upon a judgment against the defendants. This judgment is void.

*Tally & Mayson,* for appellee in rejoinder.

*Columbia Star Milling Company* v. *Brand,* 115 Miss. 625, 76 So. 557, is an authority for us. There Mr. Ivy represented the individual defendant alone. He had no authority to appear for the corporation, nor did he do so. Having examined the process, he merely called the court's attention to the fact that it was defective. In the instant case, however, the paper presented and filed by the person styling himself *amicus curiae,* was done at the instigation of the members of the partnership, they requesting him to file the papers and call the court's attention to the fact that they were doing business as a partnership and not as a corporation. An *amicus curiae,* of course, must be some person who is not interested in the litigation, but only in seeing that the court makes no mistake. The paper filed by Mr. Cragin, was the paper of the partnership.

It is rudimental that a principal can act by his agent, and that one who acts by an agent is in the same attitude as one who acts for himself. It is immaterial what they might have called the paper that was filed on this occasion. It was in truth and in fact a plea in abatement. It makes no difference what any particular document is called, its legal effect only is considered. 1 Greenleaf on Evidence, section 277.

We respectfully submit that the appellants having appeared for one purpose, appeared for all purposes, that they could not use their authorized agent, and style him *amicus curiae,* for the purpose of evading the jurisdiction of the court. Special appearances are not favored in this court.

Cook, J., delivered the opinion of the court.

The appellee, W. S. F. Tatum, filed a declaration in the circuit court of Forrest county against J. A. Maloney & Co., as a corporation whose domicile and post office address was 1182 Broadway, in the city of New York, seeking to recover the sum of one thousand seven hundred forty-two dollars and fifty-nine cents the value of three carloads of lumber alleged to have been sold to such corporation. The declaration alleged that one B. A. Cragin, Jr., was the agent of the said corporation in the city of Hattiesburg, upon whom process could be served, and the summons for the defendant was executed by delivering a copy to the said B. A. Cragin, Jr., and by mailing a copy to the home address of the defendant. At the term of court at which the process was returnable, the said B. A. Cragin, Jr., as *amicus curiae,* filed the following written instrument:

"Now comes B. A. Cragin, Jr., the alleged agent upon whom process was herein served as *amicus curiae,* and makes known to the court that he is not and was not at the time of service of process herein an agent upon whom process could be served; and he further makes known to the court that there is no such person, so far as he knows, as J. A. Maloney & Co., a corporation.

"He makes known to the court that he has heretofore represented J. A. Maloney a partnership composed of E. A. Maloney and F. P. Maloney, each of whom are residents and citizens of the state of New York. But he makes known to the court that he did not at any time represent them in such manner as to authorize service of process upon him.

"The said B. A. Cragin, Jr., therefore, makes known to the court that upon advice, the process herein is void, and that this court is wholly without jurisdiction of the defendants."

Upon the filing of this instrument the plaintiff called the said Cragin as a witness, and he testified that the

facts stated by him as *amicus curiae* were furnished to him by a member of the partnership, and that he had filed the paper at the request of this partnership. Thereupon the plaintiff asked leave to withdraw its motion for a judgment by default against the defendant, and moved the court for leave to file an amended declaration within sixty days from that date. This motion was granted, and the plaintiff was ordered to deliver a copy of the amended declaration to counsel for the defendant. Shortly thereafter, and during the same term of court, an amended declaration was filed in which the defendants were sued as "J. A. Maloney, E. A. Maloney, and F. P. Maloney, a partnership negotiating in trade under the firm name of J. A. Maloney & Co., citizens of the city of New York, in the state of New York." At the next term of the court an order was entered in this cause in the following words:

"Comes the plaintiffs by his attorneys and moves the court for a judgment by default for the reason that they have failed or refused to interpose any defense to plaintiff's amended declaration. Whereupon the court announced that it would sustain said motion. Whereupon there came and appeared G. W. Currie, attorney at law of the firm of Currie & Smith, and moved the court for leave to file pleas and prepare a defense to said action. The said attorneys, however, excepted to the action of the court when it announced that it would sustain plaintiff's motion for a judgment by default, and it was only after that announcement that defendant's attorneys asked permission to interpose a defense on the merits of said action. The court thereupon granted the defendants ten days from this date to prepare and file such pleas to plaintiff's amended declaration as they saw proper to do."

After the expiration of the ten days allowed in the foregoing order, a judgment was entered against the defendant for the amount sued for, the judgment reciting, in part, as follows:

"This day comes the plaintiff, by his attorneys, and since the order was entered in this case on January 9, 1923, on page 461, Book No. 7, of the Minutes of the Circuit Court, the defendants through Currie & Smith, their attorneys, have advised the court that they do not desire to interpose any defense to the cause of action as set forth in the amended declaration. Whereupon the plaintiff moved the court for judgment *nil dicit.*"

As we said in *Baird* v. *Georgia Pac. Ry. Co.,* (Miss.), 12 So. 547: "As courts are always careful to avoid usurping jurisdiction, a suggestion from one in no way connected with the case (an *amicus curiae*) that its jurisdiction was wrongfully invoked, or was in danger of being exceeded, would be respected," but where, as in the case at bar, the suggestion comes from one who represents the defendants, and, in response to the motion to dismiss the cause, the declaration is amended so as to meet the objections that the defendant had not been sued in the proper capacity, and thereafter, in order to prevent a judgment by default from being entered, counsel representing the defendant appears and moves the court for time to prepare a defense to the action and for leave to file pleas, and this motion is sustained by the court, and an order is entered granting the necessary time within which to prepare and file such pleas, we think this constituted an appearance and authorized the entry of a judgment upon the failure of the defendant to file pleas or interpose any defense.

The judgment of the court below will therefore be affirmed.

*Affirmed.*