IN THE SUPREME COURT OF MISSISSIPPI
NO. 95-CA-01122-SCT

*JOHN HOWARD SHOOK*

*v.*

*BETTY LOU LINDSEY SHOOK HOPKINS*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/09/95 |
| TRIAL JUDGE: | HON. JOHN C. ROSS, JR. |
| COURT FROM WHICH APPEALED: | PRENTISS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JAMES W. PANNELL |
| ATTORNEY FOR APPELLEE: | GERALD R. MCLEMORE |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND RENDERED - 07/24/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/14/97 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This case deals with the question, what constitutes an appearance to create personal jurisdiction to allow a court to hold a respondent in contempt?

¶2. The parties John Howard Shook and Betty Lou Lindsey Shook Hopkins were divorced on November 27, 1984, in Prentiss County Mississippi.

¶3. On March 25, 1985, Hopkins received a decree from the Chancery Court of Prentiss County Mississippi that found Shook to be in contempt of court. On March 15, 1988, Hopkins filed a bill of complaint against Shook under the Uniform Reciprocal Enforcement Support Act, Miss. Code Ann. § 99-11-1, *et. seq*., to compel child support. On September 4, 1994, Hopkins signed an affidavit charging Shook with neglect and desertion of a child under Miss. Code Ann. § 97-5-3(1972).[1] Under the auspices of the last criminal filing, Shook was arrested in South Carolina for desertion or non-support of a child under the age of sixteen. He was jailed for eight days and then extradited to Mississippi. After he was in the jail in Prentiss County Mississippi on September 13, 1994, Hopkins filed a contempt motion in the Prentiss County Chancery Court and process was had upon Shook in the Prentiss County jail. The criminal charges against Shook were then dismissed.

¶4. Hopkins testified that she had Shook arrested in order to serve him the civil summons in the case now before this Court.

¶5. When the trial commenced Shook moved to quash process and dismiss the action against him. The chancellor ruled that Shook had waived objections to process by making an appearance in the action. The chancellor found that Shook had submitted a motion for continuance and had agreed to other continuances and at that time had failed to object to the service of process. The chancellor ruled that this waived any objections to any defect in process. *Sandifer v. Sandifer*, 237 Miss. 464, 115 o.2d 46 (1959); *Maloney v. Tatum*, 134 Miss. 714, 99 So. 129 (1924).

¶6. Contempt is an action under Rule 81(d)(2) Mississippi Rules of Civil Procedure and is triable seven days after completion of service of process. Unless the court specifies otherwise, a defendant is not required to file an answer in a contempt proceeding. M.R.C.P. 81(d)(4). The trial court did not require Shook to file an answer, and as such, he did not file one. So, on the date of the hearing, Shook made a motion under M.R.C.P. Rule 12(b)(2) to quash service for lack of jurisdiction over the person. The chancellor ruled that this objection had been waived by asking for one continuance and joining in agreement on other continuances. The chancellor found Shook in contempt. The judgment against Shook totaled $36,000.00 plus interest.

¶7. This Court is satisfied upon the record that Shook is in fact in arrears.

¶8. The question before this Court is, was process properly obtained over Shook in order to enforce judgment for the arrearage or was process obtained by fraud? If process was obtained by fraud, can the fraud be cured by a waiver, in the nature of an appearance when nothing more was done than to ask for and agree to other continuances to obtain a trial date?

¶9. It is clear that Shook was in arrears; and, it is equally clear that Hopkins brought criminal charges against Shook solely for the purpose of returning him to Mississippi to obtain personal jurisdiction over him in the civil contempt action.

¶10. Hopkins argues that she properly used both civil and criminal statutes available in order to obtain child support. The problem with this argument is that she filed criminal charges for child desertion in September of 1994, at a time when her youngest child was twenty-four years of age. The children's desertion act, § 97-5-3, requires that the child be under the age of sixteen. That was not the case here. In *Horton v. State*, 175 Miss. 687, 691-92, 166 So. 2d 753 (1936), this Court held that child desertion is a continuing act and therefore is a continuing event and not barred by the three-year statue of limitations where the desertion occurred in 1931 and the defendant was not charged until 1936. However, here the youngest child turned sixteen in 1986, seven years before the criminal charge was filed and now clearly beyond the age in which the statute would apply.

¶11. In Mississippi either party may attack the truthfulness of the service of process involved. *Peterson v. Peterson*, 648 So. 2d 54, 57 (Miss. 1994). While we can find no Mississippi case directly on point, *i.e.,* abuse of criminal process to obtain civil process, the case of *McClellan v. Rowell*, 232 Miss. 561, 99 So. 2d 653 (1958) is comparable and instructive. In *McClellan*, an ex-spouse was lured into the State for the sole purpose of obtaining personal jurisdiction by serving process upon her while she was physically present in the State. The chancellor dismissed the proceedings and the case was appealed. In affirming we said:

It is well established as general rule that in a civil case a court will not take jurisdiction based on a service of process on a defendant who was brought within the reach of its process wrongfully or fraudulent, or by deceit or any other improper device, provided of course the wronger deceit is chargeable to the plaintiff." This rule is based not only lack of jurisdiction but on the view that it is improperly for a court to exercise a jurisdiction so obtained.

*McClellan*, 232 Miss. at 567, 99 So.2d at 655 (*quoting* 21 C.J.S. ***Courts*** § 83, p. 124).

¶12. We went on to say:

Personal service of process, if procured by fraud, trickery, or artifice is not sufficient to give a court jurisdiction over the person thus served, and service will be set aside upon proper application. Relief is accorded in such cases not because, by reason of the fraud, the court did not get jurisdiction of the person of the defendant by the service, but on the ground that the court will not exercise its jurisdiction in favor of one who has obtained service on his summons by unlawful means. Thus, if a person resident outside the jurisdiction of the court and the reach of its process is inveigled, enticed, or induced, by any false representation, deceitful contrivance, or wrongful device for which the plaintiff is responsible, to come within the jurisdiction of the court for the purpose of obtaining service of process on him in an action brought against him in such court, process served upon him through such improper means is invalid, and upon proof of such fact the court will, on motion, set it aside.

*Id.*, 232 Miss. at 567-68, 99 So.2d at 655-56 (*quoting* 42 Am. Jur. ***Process*** § 35, p. 32).

¶13. In *McClellan*, we also rejected arguments that the court had continuing jurisdiction ruling that because of the fraud by which the defendant was decoyed into the State, no proper process existed to bring her before the Court. *Id.*, 232 Miss. at 568, 99 So.2d at 656. Shook clearly ignored a lawful order of the Chancery Court of Prentiss County Mississippi causing harm to his wife and children. However, Hopkins clearly abused the process of the courts of the State of Mississippi to bring Shook before the bar to answer for his transgressions.

¶14. The first transgression does not justify the second transgression. The chancellor was in error to assert the waiver of the defect in process and in failing to quash the process.

¶15. Hopkins now knows where Shook lives and where he can be found. In obtaining her relief, it is incumbent upon Hopkins that she begin again and obtain process over Shook in a manner in keeping with the law and proper process.

¶16. As we find that the lower court did not have proper jurisdiction, all other issues raised on the appeal are moot and need not be discussed. The Judgment of the Chancery Court of Prentiss County Mississippi is reversed and rendered, and the process had on John Howard Shook is quashed.

¶17. **REVERSED AND RENDERED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. Miss. Code Ann. § 97-5-3 was amended in 1995 to increase the penalty for nonsupport of a child.