# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KA-00681-SCT

*ARNOLD KNOWLES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/17/96 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | EDMUND JULIUS PHILLIPS, JR. |
| | CYNTHIA ANN STEWART |
| | THOMAS E. ROYALS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 2/26/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/98 |

**BEFORE SULLIVAN, P.J., BANKS AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This appeal arises from a conviction rendered in the Circuit Court of Scott County, based upon a jury verdict, filed June 12, 1996, finding Knowles guilty of the charge of willful refusal to provide support and maintenance for his two children while they were under the age of eighteen from May 1993, through December 1995. Mr. and Mrs. Knowles were married twice, the first marriage began in 1978 and ended in 1983. It was during this marriage that two children were born. The second marriage began in 1986 and ended in divorce in May 1993. Both parties were granted a divorce on May 28, 1993, based on irreconcilable differences. This judgment incorporated a separation agreement which gave custody of the two minor children, ages ten and fourteen at the time, to Sandra and ordered Arnold to pay $300 per month in child support.

¶2. The trial was held and testimony was received on June 10, and June 12, 1996, with the sentence determined on June 17, 1996. At the time of trial Melissa was seventeen and Amanda was thirteen. There was evidence presented at trial through the testimony of Sandra Knowles, Melissa Knowles,

Amanda Knowles and Mr. Knowles that Mr. Knowles had not made any child support payments to Mrs. Knowles during the relevant time period from May 1993, to December 1995. However, there was testimony that Melissa lived with her father and her paternal grandparents during the relevant time period. Unhappy with the jury verdict finding him guilty of wilfully refusing to provide support and maintenance for his two children, Knowles filed a Motion For A New Trial Or Other Relief citing many of the same issues that are now on appeal. Most of these issues depend on the application of an amended statute as reflected by the indictment and the jury instructions.

## STATEMENT OF THE LAW

**I. The Court erred in denying Appellant's Motion to Quash Indictment and Demurrer to Indictment because the indictment did not allege that the children were in destitute or necessitous circumstances.**

**II. Applying the amendment of Section 97-5-3 to raise the age of children it protected to a period before its effective date made it an ex post facto law.**

**III. The Court erred in sentencing the Appellant to five years confinement.**

**IV. The Court erred in overruling the Appellant's objection to Instruction S-1.**

**V. The Court erred in refusing jury Instruction D-6.**

¶3. Each of these issues hinge on this Court's finding that an ex post facto violation has occurred due to the unlawful application of the amended Section 97-5-3 of the Mississippi Code of 1972. This Court finds that although the willful refusal to provide support and maintenance for one's children is a continuing crime, the indictment as applied in this case is an ex post facto violation and therefore requires reversal.

¶4. Prior to trial Knowles presented a Motion To Quash Indictment and a Demurrer To Indictment. Some of the grounds in support of the motions were that (1) the indictment is defective as to substance because it materially alters the essence of the offense, (2) the indictment is an ex post facto construction of the applicable statute because one of the children went out from under the statute as a result of being over the age of sixteen prior to the time the amended statute went into effect and for a short period of time there was no crime as to the older daughter, Melissa, and (3) the amendment is an ex post facto construction because the amendment subjects Knowles to a greater penalty then what was in effect for most of the time that he failed to pay child support. The Demurrer to Indictment specifically alleges that the indictment does not charge the defendant with "leaving such child or children in destitute or necessitous circumstances" as required by the statute as it existed prior to July 1, 1995. Both motions were denied on June 10, 1996.

¶5. Knowles was indicted on February 8, 1996, under Miss. Code Ann. § 97-5-3 for unlawfully and feloniously refusing to provide support and maintenance for his children, Melissa Knowles and Amanda Knowles, both under the age of 18, for the period between May 1993, through December 1995. Section 97-5-3 was amended, effective July 1, 1995, to delete the requirement that the prosecution prove that such children were destitute or left in necessitous circumstances. Miss. Code Ann. § 97-5-3 (Supp. 1997). Knowles was indicted under the amended statute in February of 1996.

The dispute in the case at bar is whether or not the State has the authority to indict under the amended statute for the failure to provide for his children that occurred prior to the effective date of the amended statute. The amended statute, effective from July, 1, 1995, states as follows:

> Any parent who shall desert or wilfully neglect or refuse to provide for the support and maintenance of his or her child or children, including the natural parent of an illegitimate child or children . . . while said child or children are ***under the age of eighteen (18) years*** shall be guilty of a felony and, on conviction thereof, shall be punished for a first offense by a fine of ***not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00),*** or by commitment to the custody of the Department of Corrections ***not more than five (5) years***, or both; and for a second or subsequent offense, by a fine of not less than One Thousand Dollars ($1,000.00) nor more than Ten Thousand Dollars ($10,000.00), or by commitment to the custody of the Department of Corrections not less than two (2) years nor more than five (5) years, or both, in the discretion of the court.

Miss. Code Ann. § 97-5-3 (Supp. 1997)[(1)] (emphasis added).

## EX POST FACTO ANALYSIS

¶6. An ex post facto law is one which creates a new offense or changes the punishment, to the detriment of the accused, after the commission of the crime. ***Collins v. Youngblood*, 497 U.S. 37 (1990)**. In ***Collins***, the Supreme Court stated, "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." ***Collins*, 497 U.S. at 43**. The constitutional prohibition on ex post facto laws only applies to penal statutes. ***Collins*, 497 U.S. at 41**; ***Dunn v. Grisham***, 250 Miss. 74, 157 So. 2d 766 (1963), and the State "is without power to enforce against any person an ex post facto law." ***Tiller v. State***, 440 So. 2d 1001, 1004 (Miss. 1983). The United States Supreme Court has held that the purpose of the Ex Post Facto Clause is to assure that legislative acts "give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed" and to restrict "governmental power by restraining arbitrary and potentially vindictive legislation." ***Weaver v. Graham*, 450 U.S. 24, 28-29 (1981)**(footnote and citations omitted). This Court stated in ***Johnston v. State***:

> Both the federal and our state constitutions protect persons from ex post facto laws. *Jackson v. State*, 551 So. 2d 132, 140 (Miss. 1989). One convicted should be sentenced pursuant to the statute existing on the date of his offense to avoid an ex post facto problem. *Allen v. State*, 440 So. 2d 544, 545 n. 2 (Miss. 1983).

***Johnston v. State***, 618 So. 2d 90, 94 (Miss. 1993). However in ***Johnston***, this Court held that the application of the amended statute, because the changes were ameliorative and procedural, was not an ex post facto violation. ***Johnston***, 618 So. 2d at 95. That is not the case we have today since the changes in Section 97-5-3 are substantive changes and not merely ameliorative or procedural.

¶7. This Court discussed an ex post facto issue as it pertained to enhanced sentencing for a crime which was committed prior to the effective date of the new statute. ***Puckett v. Abels***, 684 So. 2d 671 (Miss. 1996). The ***Puckett*** Court stated the law as follows:

> Article I, § 9, Clause 3 of the United States Constitution states "No Bill of Attainder or ex post

facto Law shall be passed." Article I, § 10, Clause 1 of the United States Constitution prohibits a state from passing *ex post facto* laws, stating "No State shall . . . pass any . . . ex post facto Law . . . ." The State of Mississippi adopted this prohibition in its Constitution in Article 3, § 16 stating, "Ex post facto laws . . . shall not be passed."

The United States Supreme Court has interpreted Article I, § 10 of the United States Constitution to forbid the enactment of any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time the act was committed . . . .

*Beazell v. Ohio*, 269 U.S. 167, 169, 46 S.Ct. 68, 68, 70 L.Ed. 216 (1925).

*Puckett*, 684 So.2d at 673. The Appellants in **Puckett** had all been charged with independent felony crimes that were completed before the amended sentencing statute went into effect. This Court held that the effect of the mandatory sentencing law could not be applied to the appellants because when they committed the crimes the new law was not in effect and therefore, to increase the penalty for their crimes after the crimes were committed was a violation of the ex post facto law prohibition. However, **Puckett** does not answer the question put before the Court today.

¶8. In the case *sub judice*, Knowles was indicted for failure to support and maintain his two children both before and after the amended statute became effective. The amended statute does increase the penalty for the crime, but more importantly it substantively changed the elements of the crime by deleting the requirement of proving that the children were left in destitute and necessitous circumstances and raising the age of the children protected. This amendment effectively took away a significant defense that Knowles had prior to July 1. 1995.

¶9. This Court in **Shook v. Hopkins,** 697 So. 2d 1162, 1163 (Miss. 1997) restated the holding of **Horton v. State** when it stated that "child desertion is a continuing act and therefore is a continuing event and not barred by the three year statute of limitations where the desertion occurred in 1931 and the defendant was not charged until 1936." *Shook,* 697 So. 2d at 1163(*citing Horton v. State*, 175 Miss. 687, 691-92, 166 So. 753 (1936)); *see also* **Kelley v. State**, 218 Miss. 459, 67 So. 2d 459, 460 (1953) (statutory offense for willful failure to provide for the support and maintenance is a continuing one). Although we conclude that the failure to provide for one's children is a continuing crime, this determination alone is insufficient to address the ex post facto issue. Neither the **Horton** nor the **Shook** Court were presented with an ex post facto issue and therefore are not controlling. This Court has not previously addressed whether the State can indict under an amended statute for criminal actions, or in this case the failure to act, that took place both before and after the statute as amended became effective. Therefore, it is appropriate to look to both the federal courts and other jurisdictions for guidance.

¶10. The Fifth Circuit has addressed the application of an amended statute that increased the penalty for conspiracy for actions in the course of the conspiracy that took place before and after the effective date of the statute. *U.S. v. Buckhalter*, 986 F.2d 875 (5th Cir. 1993). The court held that the application of the new sentencing guidelines was not a violation of the ex post facto law prohibition because a conspiracy is a continuing offense. *Id.* at 880. The Fifth Circuit stated, "So long as there is evidence that the conspiracy continued after the effective date of the guidelines, the Ex

Post Facto Clause is not violated." ***Buckhalter***, 986 F.2d at 880 (*citing **U.S. Devine***, 934 F.2d 1325, 1332 (5th Cir. 1991)). The Second and Tenth Circuits reached the exact same conclusion. ***U.S. v. McCall,*** 915 F.2d 811 (2nd Cir. 1990)***;U.S. v. Stanberry***, 963 F.2d 1323,1326-27 (10th Cir. 1992). The Tenth Circuit explained, "[t]he crime of conspiracy is a continuing crime and is not complete until withdrawal or termination. Had Mr. Stanberry wished to avoid the harsher sentencing provisions, he could have withdrawn from the conspiracy prior to the effective date of the later Guideline provisions." ***Id.*** at 1327. The Second Circuit held that conviction for conducting a continuing financial crimes' enterprise did not violate the Ex Post Facto Clause even when some of the unlawful acts occurred prior to the effective date of the new statute. ***U.S. v. Harris***, 79 F.3d 223, 229-30 (2nd Cir. 1996). The ***Harris*** Court did seem to be concerned about whether the jury could have based its findings entirely on the defendant's conduct prior to the effective date of the new statute. But finding that at least two of the violations in the series of violations were based entirely upon post statute enactment conduct, the Court concluded there was no ex post facto violation. ***Id. at 230***.

¶11. The few States that have addressed this issue are in agreement that there is no ex post facto law violation when the offense is of a continuing nature and some of the unlawful conduct occurred after the new law became effective. ***Jenkins v. State***, 444 So. 2d 1108 (Fla. Dist. Ct. App. 1984); ***People v. Rosich***, 567 N.Y.S.2d 749 (N.Y. App. Div. 1991). However, the New Jersey Superior Court held that there was an ex post facto violation when the jury was not instructed that it must have found unlawful conduct after the statute in question became effective in order to convict the defendant of the crime created by the statute. ***State v. Ricci***, 593 A.2d 362 (N.J. Super. Ct. App. Div. 1991). The Supreme Court of South Dakota, when considering an ex post facto issue, held that an amended statute that changed the ***substantive law*** as to the issue of restitution was unlawfully applied in violation of the Ex Post Facto Clause. ***State v. Galligo***, 551 N.W.2d 303, 304 (S.D. 1996). The ***Galligo*** case is more on point to the case *sub judice* because the effect of the amended statute considered in the ***Galligo*** case enlarged the group of people who were entitled to restitution, and in this case the effect of the amended statute under consideration deleted one element of the crime entirely and increased the age of the children to be protected by the statute.

¶12. When considering the relevant case law, both federal and state, we conclude that Knowles' offense was a continuing one. Even Knowles acknowledges in one part of his brief that the crime is of a continuing nature. Since supportting your children is a continuing legal duty the failure of which constitutes a felony under Mississippi Law, the very nature of the crime is an ongoing offense. However, we find this law to be persuasive only to the extent that when there is a continuing crime such as conspiracy or the failure to provide for one's children where the illegal conduct continues after the effective date of the amended statute, and the only effect of the amended statute is to increase the penalty then there is no ex post facto violation. But, unlike the amended statute in these conspiracy cases that only affected the penalty for the offense, amended section 97-5-3 of the Mississippi Code of 1972 not only increases the penalty but it also alters the requirements the State has the burden of proving for a conviction for the failure to support and maintain one's children.

## A. Destitute and Necessitous Circumstances

¶13. The State correctly argues that a reading of the amended statute clearly shows that there is no requirement that the children would have to be shown to be "destitute and left in necessitous

circumstances" for the statute to apply. It argues that since the indictment states the date of the offense as occurring between May 1993, and July 1995, Knowles' offense was a continuing crime. This is because Knowles did not make support payments prior to the effective date of the amended statute nor did he make support payments for six months after the amended statute became effective.

¶14. On the other hand, Knowles argues that the application of the amended statute to the period prior to the effective date of the amendment was unlawful because it was an ex post facto law in violation of the Mississippi and United States Constitutions. Knowles advances that this is not one continuing crime but is two crimes because the old version of the statute set forth one crime and the amended statute set out another crime by deleting one element and raising the age of the children to be protected by the statute.

¶15. When this Court considered the statute prior to the amendment, this Court held that "it is incumbent upon the prosecution to show beyond every reasonable doubt that the child was left in destitute or necessitous circumstances." *Williams v. State*, 207 Miss. 816, 830, 43 So. 2d 389, 391 (1949), *overruled on other grounds* by *Lenoir v. State*, 237 Miss. 620, 115 So. 2d 731 (1959). The State has the burden of proving "this child's helpless condition and her dire need of financial support." *Bryant v. State*, 567 So. 2d 234, 236 (Miss. 1990). There is no contention that § 97-5-3 as amended did in fact delete this required element and the indictment of Knowles does not state this element.

¶16. The single count indictment as charged impaired Knowles' ability to prepare a defense that was available under the statute prior to the amendment. The United States Supreme Court stated, "'It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which . . . deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto.'" *Collins*, 497 U.S. at 42. (*quoting Beazell v. Ohio*, 269 U.S. 167, 169-170 (1925)). Section 97-5-3 of the Mississippi Code as amended withdrew a defense that was related to the definition of the crime as it was written prior to July 1, 1995. *See Bryant*, 567 So. 2d at 236. We find that this substantive change as applied to Knowles is a violation of the Ex Post Facto Clause.

## B. Age Requirement

¶17. The single count indictment included the names of both children, Amanda and Melissa. But Melissa came out of the old statute when she turned sixteen on March 5, 1995, and the amended statute did not become effective until July 1, 1995. As to Melissa there was no violation of the law for four months. This issue was brought before the trial court and the judge stated, "Take her out and just try him on that one [the younger child, Amanda]." However, this was not carried out since the indictment was not amended and the proof and jury instructions included evidence and directions relating to both children. Knowles argues that since for four months there was no violation as the indictment pertains to Melissa, the oldest child, the amended statute as it applies to him is an ex post facto law in violation of Art. 3, Section 16 of the Mississippi Constitution and Art. I, Section IX, and Art. I, Section X, of the Constitution of the United States. We agree with this conclusion that this is an ex post facto law as applied to Knowles, and consequently this error requires reversal.

## C. Penalty Enhancement

¶18. As a result of Knowles' conviction, he was sentenced on June 17, 1996, to a term of five years,

with four years and eight months suspended and was placed on probation for five years after he served 120 days in Scott County Jail. The single count indictment covered the period from March 1993, to December 1995. Knowles correctly asserts the fact that for most of this period, through June 1995, the maximum penalty was two years of confinement. Knowles argues that by sentencing him to five years, the court exceeded the statutory maximum applicable to the large majority of the time the crime was alleged to have occurred which gave the amended statute an ex post facto application.

¶19. The State argues that the evidence demonstrated that Knowles made no support payments either before or after July 1, 1995, the effective date of the amended statute. As a result the State advances the argument that Knowles' five year suspended sentence was within the statutory guidelines provided for the offense for which he was convicted due to the continuing nature of the crime. This Court holds that this a continuing crime and if the only effect of the amended statute was to increase the penalty since Knowles allegedly wilfully refused to provide support and maintenance for his children after the effective date of the amended statute as well as before, then there would not be an ex post facto violation on this assignment of error alone. However, the other substantive changes made by the amended statute do create an unlawful ex post facto application.

## D. Jury Instruction S-1

¶20. The State contends that S-1 was proper. It cites to **Butler v. State**, 608 So. 2d 314, 320 (Miss. 1992) in support of the contention that Knowles was entitled to have the jury instructed on the statute that was applicable at the time of the commission of the offense. The State submits that when Knowles was committing his continuing offense, amended Miss. Code Ann. § 97-5-3 was in full force and effect, and there was no requirement for establishing that the children were left in destitute and necessitous circumstances.

¶21. Knowles objected to granting jury instruction S-1 on the basis that for the period prior to July 1, 1995, the jury should be instructed about the requirement of finding that the children were in destitute and necessitous circumstances and this requirement was not stated on S-1. Knowles also argues that the S-1 instruction included directions relating to the support of Melissa, the oldest daughter, after the judge ordered that she be taken out of case. Finally Knowles argues that S-1 instructs the jury to convict if refusal to provide support and maintenance has been proved not whether support has been provided directly to the children in the form of money and in-kind support such as food and shelter.

¶22. In view of this Court's finding that an ex post facto violation has occurred in this case, it necessarily follows that the trial court erred in granting jury instruction S-1. The finding that the children were left in destitute and necessitous circumstances was a required element of the offense prior to the amended statute and Miss. Code Ann. § 97-5-3 as it was applied to the time period before the effective date of the statute was unlawful.

## E. Refused Jury Instruction D-6

¶23. The trial court refused to grant this jury instruction, because it listed the elements of the crime charged as Section 97-5-3 read before the effective date, July 1, 1995, of the amended statute. The State objected at trial to the D-6 jury instruction because # 5 of the proposed instruction required the

jury to find that the children were left in destitute or necessitous circumstances and # 4 required the jury to find the children under the age of sixteen. The State cites to *Lanier v. State* for the rule that a trial court correctly refuses any jury instruction if it is not based on accepted legal precedent in that jurisdiction. *Lanier v. State*, 533 So. 2d 473, 478 (Miss. 1988). Although this is a correct rule of law, the D-6 jury instruction that the trial court denied was based on accepted legal precedent when considering the language of Section 97-5-3 prior to it being amended.

¶24. Knowles argued that the trial court misled the jury as to the law in effect from March 1993, to July, 1, 1995 and according to *Newell v. State*, 308 So. 2d 71 (Miss. 1975) this was reversible error. *Newell* does stand for the proposition that there is reversible error if the jury is not advised by instruction as to essential elements of the crime charged. *Newell*, 308 So. 2d at 73-74. This Court finds that Knowles could not be properly be indicted under the amended statute for the entire time period charged in the indictment. Therefore, the trial court erred in refusing to grant D-6 which listed the required elements of the crime charged that tracked the language of Section 97-5-3 before it was amended.

## Further Guidance to the Lower Court on the Ex Post Facto Issue

¶25. It should be made clear that on remand Knowles can be indicted under the amended version of Miss. Code Ann. § 97-5-3 with a multiple count indictment, one count for each child, but only for the time period beginning July 1, 1995, the effective date of the amended statute. Knowles also could be indicted under section 97-5-3 before the effective date of the amendment to the statute for failure to provide for the support and maintenance of his children but the State would be required to prove the children were left in destitute and necessitous circumstances in order to support a conviction. Consideration may be given to the fact that Melissa lived with her father or her paternal grandparents.

¶26. Furthermore, if Knowles is indicted under the amended version of Miss. Code Ann. § 97-5-3 then evidence of Knowles' conduct prior to the effective date of the amended statute is admissible to prove wilfulness, under Rules 401 and 402 and 404(b) of the Mississippi Rules of Evidence. *See Edlin v. State*, 533 So. 2d 403, 407-408 (Miss. 1988). However, the trial court must give a limiting instruction to the jury that the evidence cannot be considered for the conduct itself, but solely on the issue of Knowles' wilfulness or lack thereof if an objection to the evidence is made. *Bounds v. State*, 688 So. 2d 1362, 1373 (Miss. 1997) ("The mere objection is deemed to be an implied request for a limiting instruction."). Rule 105 of the Mississippi Rules of Evidence provides:

> When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.

Miss.R.Evid. 105.

¶27. In reference to Miss.R.Evid. Rule 105 this Court has stated:

> We say for the future, however, that wherever 404(b) evidence is offered and there is an objection which is overruled, the objection shall be deemed an invocation of the right to MRE 403 balancing analysis and a limiting instruction. The court shall conduct an MRE analysis and, if the evidence passes that hurdle, give a limiting instruction unless the party objecting to the

evidence objects to giving the limiting instruction.

*Smith v. State*, 656 So. 2d 95, 100 (Miss. 1995). On remand, the trial court is directed to follow the guidance provided by this Court.

## VI. The Court erred in denying Appellant's Motion to Quash Indictment because the Chancery Court had determined that he had not willfully violated its judgment of divorce order of support.

¶28. Knowles contends that the trial court erred when it did not quash the indictment because the indictment amounts to double jeopardy. This is because the Chancery Court had already determined that Knowles was not in willful contempt which he contends is a criminal offense. The Department of Human Services and Sandra Steward filed a motion for contempt in the Chancery Court of Scott County which resulted in a judgment filed on September 12, 1994, finding Knowles to be in arrears in the amount of $5,400 for support payments due from March 1, 1993 to August 1994. The Chancery Court of Scott County, Mississippi ruled that the Appellant was not in willful contempt of its order to pay child support and the Appellant did not then have the capacity to pay child support. As to the motion to Quash because the indictment amounts to double jeopardy, the trial judge stated, "I think a criminal adjudication and a civil adjudication are two entirely different things. So, that motion is overruled."

¶29. The lower court is correct in its belief that the double jeopardy clause is not violated. Knowles seems to be confusing criminal contempt with civil contempt. As explained in the book entitled Mississippi Civil Procedure:

> [T]he difference between criminal and civil contempt is not found in the type of sanction imposed or the kind of case in which the contempt arises. Both civil and criminal contempt may be punished with fines or imprisonment, and criminal contempt may arise in civil cases. What distinguishes civil and criminal contempt is the purpose of the contempt sanction, and, where the sanction is imprisonment, whether the sentence is determinant. (citations omitted).

Jeffrey Jackson, *Contempt of Court*, in Vol. 2 § 16A:1 Mississippi Civil Procedure (Jeffrey Jackson ed., Lawyers Cooperative 1997). A common use of civil contempt is in the enforcement of child support orders. Civil contempt is commenced by private parties but the State also can be a plaintiff in a civil contempt action to vindicate a civil right as opposed to enforcing a criminal law. "If the primary purpose of [the] suit is to enforce the rights of private litigants, or if the penalty is to enforce compliance with a court order, then the contempt is civil." *Common Cause of Mississippi v. Smith*, 548 So. 2d 412, 415 (Miss. 1989). Once a prima facie case for civil contempt is established, the contemnor may avoid being incarcerated by proving the affirmative defense of inability to pay. *Clements v. Young*, 481 So. 2d 263, 271 (Miss. 1985). Since the Department of Human Services brought the contempt action in the Chancery Court for the purpose of enforcing the support payment obligations of the May 1993 divorce decree, the action was for civil contempt as opposed to criminal contempt. Therefore, the Circuit Court could lawfully convict Knowles for the crime of wilful failure to support and maintain his children pursuant to Miss. Code Ann. § 97-5-3 without violating the double jeopardy clause. Furthermore, the circuit court had jurisdiction for felony prosecution for failure to provide child support even if the Chancery Court had previously acquired jurisdiction. *See Williams v. State*, 207 Miss. 816,830, 43 So. 2d 389, 391 (1949). This assignment of error lacks

merit.

## VIII. The Court erred in sustaining the State's Objection to Admission of the Chancery Court decree finding Appellant not in contempt for failure to pay child support.

¶30. Although the Chancery decree was admitted into evidence, a letter by Knowles' physician that was attached to the Chancery decree and made part of the record was not allowed. The letter dated August 29, 1994, contained the physician's opinion that Knowles was physically disabled from employment and specifically stated Knowles' physical limitations. The State objected to the attached letter arguing that it was hearsay and therefore inadmissible. The circuit court sustained the objection stating, "[i]n this particular instance, the attachment contains matters that would not be admissible and contains matters that would deny the State the right of confrontation of a witness. . . .The judgment, the Court would allow that to be introduced as an exhibit in the trial of this case, with the removal of the attachment."

¶31. The State raises several arguments in support of its contention that the attached letter was properly excluded but they are not determinative in deciding this issue since except under very limited circumstances a civil judgment is not admissible as evidence on the merits. In support of the determination that the civil judgment is not admissible in the criminal trial, this Court held that the trial court lawfully excluded evidence in the criminal trial of a prior civil forfeiture proceeding which the State unsuccessfully brought against the defendant. *Sample v. State*, 643 So. 2d 524, 527-28 (Miss. 1994). This Court explained, "Given the contours of Rules 401 and 403, [Miss.R.Evid.] this Court cannot say the trial judge abused his judicial discretion in ruling that the civil judgment declaring the money to be nonforfeitable was inadmissable." *Id.* at 528. Similarly, it was not an abuse of discretion for the trial judge to exclude the letter that was attached to the civil judgment.

¶32. Recent case law is determinative that neither the civil judgment nor the attachment made part of the judgment is admissible as evidence on the merits. *Mask v. Elrod*, No. 92-CA-00950-SCT, 1997 WL 781594, (Miss. Dec. 22, 1997). The language of this case provides:

> Our rules provide two exceptions for the admissibility of prior judgments as evidence on the merits. . . .The sole exception for civil judgments is Rule 803(23), which provides that the hearsay rule does not exclude '[j]udgments as proof of matters of personal, family or general history, or boundaries, essential to the judgment, if the same would be provable by evidence of reputation.' Miss. R. Evid. 803(23).

*Mask*, 1997 WL 781591, at *4. The *Mask* case further states that "conditions of health, either mental or physical, do not appear to be within the scope of these rules, as they have more to do with legal status in relation to another." *Id.* at *4. Likewise, Rule 803(23) does not apply to the previous civil judgment finding Knowles to be in arrears on his child support obligation or the finding that he was not in civil contempt based on his inability to pay. Although it was unlawful to admit the judgment pursuant to *Mask*, that case was not decided until after the judge made his ruling in the case *sub judice*. However, on remand the trial court is directed to exclude not only the attached letter but also to exclude the judgment in its entirety.

## CONCLUSION

¶33. This Court finds that the crime of willful failure to provide support and maintenance for minor children is a continuing offense. Further, this Court determines there was no double jeopardy violation. However, this Court does find that Miss. Code Ann. § 97-5-3 as amended effective July 1, 1995, was unlawfully applied in the case at bar in violation of the Ex Post Facto Clause of both the United States Constitution and the Mississippi Constitution. For this reason, the judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

¶34. **REVERSED AND REMANDED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, ROBERTS, MILLS AND WALLER, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**

1. Prior to the amendment the statute read as follows:

§ 97-5-3.Desertion or non-support of child under age sixteen.

Any parent who shall desert or wilfully neglect or refuse to provide for the support and maintenance of his or her child or children, . . . while said child or children are *under the age of sixteen (16) years*, *leaving such child or children in destitute or necessitous circumstances*, shall be guilty of a felony and, on conviction thereof, shall be punished by a fine or *not less than twenty-five dollars ($25.00), nor more than five hundred dollars ($500.00)*, or by imprisonment in the penitentiary *not exceeding two (2) years*, or both, in the discretion of the court.

Miss. Code Ann. § 97-5-3 (1994) (emphasis added).